SAMUEL Q. COCHRAN *vs.* CURTIS GUILD.

Taxes on land are an incumbrance thereon from the date of their assessment.

CONTRACT on a covenant against incumbrances in a deed from the defendant to the plaintiff of land in Boston. The case was submitted to the judgment of the superior court, and, on appeal, of this court, on facts agreed as follows:

The deed was dated and delivered June 20, 1868. The city, county and state taxes were assessed in Boston on the premises, May 1, 1868, to the defendant, who was then owner. The tax bill was issued as usual in the city of Boston, and committed to the collector, October 1, 1868. Payment was demanded of the defendant, who refused to pay, and the plaintiff was obliged to pay to prevent the estate from being sold.

The plaintiff was to recover of the defendant the amount so paid, if the tax was at the date of the deed an incumbrance upon the estate within the meaning of the covenant.

*S. L. Thorndike*, for the plaintiff, was stopped by the court.

*A. Russ*, for the defendant. The tax was not an incumbrance till committed to the collector. Gen. Sts. c. 12, § 22. The liability to the lien of taxation is a perpetual servitude which the estate owes to the public, but this liability is not within the meaning of the covenant. *Estabrook* v. *Smith*, 6 Gray, 572, 576.

*Fuller* v. *Wright*, 18 Pick. 403. *Prescott* v. *Williams*, 5 Met, 429. *Wilson* v. *Cochran*, 46 Penn. State, 229, 232.

CHAPMAN, C. J. On May 1, 1868, when the taxes were assessed, the land became liable for their payment. It is true that payment was not to be made till the tax bills should be made out and put into the hands of the collector, and all the necessary preliminary steps should be taken on his part. It is also true that they might be collected otherwise than by a sale of the land, and thus its liability might terminate, or it might cease by lapse of time. But they have not been paid otherwise, and the purchaser has been compelled to pay them. He was obliged to pay them in order to relieve the land from a liability to which it was subject when he took his conveyance with the covenant against incumbrances. These taxes had all the characteristics of an incumbrance. What constituted the incumbrance was the present paramount right of the city to hold the land subject to the payment of the taxes already assessed, if they should not be paid otherwise. It is none the less an incumbrance because the taxes might be collected otherwise. It might as well be contended that a mortgage to secure a note given by a third person was not an incumbrance, because the note might be collected of the maker. It is contended that this is no more an incumbrance than the liability of the land for the taxes that may be assessed in future years. But the obvious difference is, that there can be no liability for an assessment which does not exist, and the covenant relates merely to existing incumbrances.

*Judgment for the plaintiff.*