MANILLA H. J. DAVIS *vs.* CHARLES S. BEAN.

In an action upon a promissory note given in payment for land conveyed with covenant against incumbrance, the defendant can recoup what he has been compelled to pay to free the land from incumbrance.

CONTRACT to recover the amount of two promissory notes. The answer denied the making of the notes, alleging also that they were without consideration, and that the defendant had paid them; "and the defendant further says that if the plaintiff shall show that he made said notes, then the defendant says the same were given as a part payment of the consideration of the conveyance of certain real estate by the plaintiff to the defendant; and said plaintiff covenanted and warranted with the defendant that said real estate was free from all incumbrances in said deed, and the said real estate was not free from all incumbrances, but was incumbered by a lien for taxes assessed thereon; and so the consideration of said notes has failed in part."

At the trial in the Superior Court, before *Allen*, J., the plaintiff put in the promissory notes, the making of which was then admitted, and rested.

The defendant offered to show that the notes were given in payment for land conveyed by the plaintiff to the defendant by a deed of warranty containing a covenant that the land was free from all incumbrances except a certain mortgage therein specified ; that the deed was executed and delivered May 4, 1872 ; that for the year 1872, taxes which amounted to $58.89 were duly assessed upon the land by the city of Lowell ; that the defendant requested the plaintiff to pay these taxes, and the plaintiff refused ; and the defendant, to prevent the enforcement of the lien created by the taxes, paid them.

The court ruled that the facts so offered to be proved by the defendant, if proved would constitute no defence to the action, and ordered a *pro formâ* verdict for plaintiff, and the defendant alleged exceptions.

*G. Stevens & W. H. Anderson*, for the defendant.

*R. B. Caverly*, for the plaintiff, argued, among other things, that there was no allegation in the answer under which evidence of a payment of the tax was admissible.

WELLS, J. The tax was a lien upon the land from the first day of May ; and that lien constituted a breach of the covenant against incumbrances in the deed of May 4th, from the plaintiff to the defendant. *Cochran* v. *Guild*, 106 Mass. 29. *Hill* v. *Bacon*, 110 Mass. 387.

The notes in suit were given for the price of the same land. The defendant's claim then grew out of the same transaction upon which the notes in suit were founded, and affected the consideration upon which they were given. He had a right therefore to set up, by way of recoupment, the amount he had been compelled to pay to relieve the land from the incumbrance. *Sawyer* v. *Wiswell*, 9 Allen, 39. *Stacy* v. *Kemp*, 97 Mass. 166, and cases cited. *Carey* v. *Guillow*, 105 Mass. 18.

This defence is set forth in the answer in an insufficient and defective manner. As the ruling of the court below, however, does not appear to have been made upon the pleadings, but upon

the sufficiency of the facts offered to be proved, to constitute a defence to the action, the defendant ought not now to be deprived of an opportunity to make good his defence by such amendment of his answer as may be necessary.

Upon the facts offered to be proved we are of opinion that there was a good defence to the action, to the extent of the amount paid by the defendant to discharge the lien existing upon the land as of a date prior to his deed.

The exceptions must be sustained ; and the case will go to a new trial unless the plaintiff shall elect to remit so much of his verdict as shall be equal to the taxes paid and interest thereon. If he shall elect to remit, he may have judgment for the balance.

*Exceptions sustained.*