ALBERT D. SWAN *vs.* BENJAMIN L. EMERSON.

Essex.   Nov. 7, 1878. — Sept. 8, 1880.   ENDICOTT & LORD, JJ., absent.

A purchaser of land, under a power of sale contained in a mortgage, who, after he has taken possession of the land, pays a tax, assessed upon the land to a subsequent mortgagee while the latter was in possession under his mortgage, cannot maintain an action against the subsequent mortgagee to recover the amount of the tax so paid.

CONTRACT for money paid.   Writ dated May 31, 1876.   The case was submitted to the Superior Court upon the following agreed facts :

One Woodbury, being the owner of a parcel of land in Lawrence, made a first mortgage thereof on May 16, 1872, to one Bartlett, a second mortgage thereof on May 23, 1872, to one Moore, and a third mortgage thereof on June 14, 1872, to the defendant.   Each of these mortgages contained the usual power of sale with liberty to the mortgagee to purchase at the sale, and was duly recorded.

On October 28, 1872, the defendant entered on the land for breach of condition, and, under the power in his mortgage, sold and conveyed the land to one Knox, who was acting as his agent, and who on the next day reconveyed the land to him by quit-claim deed, without any real consideration.   The city of Lawrence on May 1, 1873, and on May 1, 1874, duly assessed to the defendant the taxes upon this land, and, in August in each of those years, committed one of these taxes to the collector of taxes, who, within a month afterwards, demanded payment thereof of the defendant, but the defendant has never paid any part of these taxes.

On January 28, 1875, Moore, for breach of condition of his mortgage and under the power therein contained, sold and

conveyed the land, for a sum less than the amount due under that and the first mortgage, to the plaintiff, who was then ignorant of the fact that the taxes aforesaid remained unpaid, and has since remained in possession, and on February 8, 1875, upon the demand of the collector of taxes, and to prevent an advertisement, expenses and sale of the land under the lien for the taxes aforesaid, and to protect his title, paid the amount of those taxes to the collector. No part of the principal sums secured by the first and second mortgages has ever been paid.

If the plaintiff was entitled to recover the sums so paid for taxes, judgment was to be entered for him; otherwise, for the defendant. The Superior Court gave judgment for the plaintiff for the sums paid and interest; and the defendant appealed to this court.

*E. T. Burley*, for the plaintiff.

*S. B. Ives, Jr.*, for the defendant.

GRAY, C. J. It is not necessary in this case to decide whether, under the existing statutes, a tax assessed on real estate can be collected by distraint of goods, or arrest of the body, or action against the person taxed. See Rev. Sts. *c.* 8, §§ 3, 7, 11, 15, 19; *Crapo* v. *Stetson*, 8 Met. 393; *Snow* v. *Clark*, 9 Gray, 190; Gen. Sts. *c.* 12, §§ 3, 7, 13, 19.

No arrest of the body can be made in any case, unless " a person refuses or neglects for fourteen days after demand to pay his tax, and the collector cannot find sufficient goods upon which it may be levied." Gen. Sts. *c.* 12, § 13. And no action of contract can be maintained against the person taxed, as for his own debt, unless he " neglects to pay his tax for one year after it is committed to the collector." § 19. But a tax on real estate constitutes a lien and incumbrance thereon from the day as of which it is assessed, and may be levied by sale thereof at any time within two years after it is committed to the collector, " if the tax is not paid within fourteen days after a demand of payment made either upon the person taxed or upon any person occupying the estate," without regard to the question whether sufficient goods can be found on which to levy it, or whether a year has expired since the committing of the tax to the collector. §§ 8, 22. *Cochran* v. *Guild*, 106 Mass. 29. *Hill* v. *Bacon*, 110 Mass. 387. *Davis* v. *Bean*, 114 Mass. 358.

The liability of real estate for the payment of a tax assessed thereon is not, therefore, secondary or collateral to any personal liability of the person to whom the tax is assessed.

The taxes paid by the plaintiff, not being primarily a debt of the defendant, secured by a lien on the land, but being primarily a charge upon the land itself, the defendant is under no implied obligation to repay to the plaintiff the amount paid by him to relieve the land from that charge. The plaintiff has no greater right of action against the defendant than any purchaser of land by a quitclaim deed, containing no covenant against incumbrances, has against his grantor for the amount of taxes previously assessed thereon to the grantor and afterwards paid by the grantee.

The case differs from one in which money is paid by the plaintiff to discharge what is primarily a debt of the defendant, secured by a lien on the land, as in *Hale* v. *Huse*, 10 Gray, 99, and in *Nichols* v. *Bucknam*, 117 Mass. 488 ; or in which the plaintiff has been obliged to pay damages for a defect in a way or bridge, for which the defendant is primarily responsible, as in *Baker* v. *Greenhill*, 3 Q. B. 148, and in *Swansey* v. *Chace*, 16 Gray, 303 ; or in which the plaintiff has been compelled to pay rent which the defendant is primarily liable to pay, as in *Exall* v. *Partridge*, 8 T. R. 308, and in *Carter* v. *Carter*, 5 Bing. 406 ; *S. C.* 2 Moore & Payne, 732. See also *Farrington* v. *Kimball*, 126 Mass. 313.

The Gen. Sts. *c.* 12, §§ 39–41, do not aid the plaintiff. By those sections, a mortgagee taking possession of land under his mortgage is liable to pay the taxes due thereon, and is authorized to pay them to the collector, and to add the sum so paid to the amount of his mortgage, as against the owner of the equity or a subsequent mortgagee, in case of redemption by either of them ; but he has no more right to bring a personal action against either of them for the sum so paid, than for the principal sum remaining due on his own mortgage. And the title under which this plaintiff took possession was acquired by sale under the power in the second mortgage, and was not the title of the mortgagee, but the title of the mortgagor. *Hall* **v.** *Bliss*, 118 Mass. 554.                    *Judgment for the defendant.*