MORRIS L. COLE *vs.* HENRY M. KILLAM.

Essex.    November 3, 1904. — January 5, 1905.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Contract,* Performance and breach.  *Conditions,* Concurrent.  *Equity Jurisdiction,* Specific performance.

In a suit in equity to enforce the specific performance of a contract by which the defendant agreed to sell certain land to the plaintiff for the sum of $50 per acre at any time before the expiration of a certain lease, the conditions of the contract being concurrent the plaintiff need not prove a tender of the purchase money. It is sufficient for him to show that he notified the defendant that he would take the land and pay the price, and was ready and able and offered to do so, and that the defendant refused to convey the land and did not intend to keep his agreement. A request by the plaintiff that the defendant should have a survey of the land made, this being necessary to determine how much should be paid, does not excuse the defendant's refusal to convey, especially if he did not base his refusal on that ground.

BILL IN EQUITY, filed July 3, 1902, to enforce the specific performance of a contract to convey to the plaintiff a certain parcel of land in Boxford.

The bill alleged, that on April 10, 1897, the plaintiff leased from the defendant a certain parcel of land in Boxford, which was known as " The Plain," for the term of five years from the date of the lease, that the plaintiff occupied the premises during the term of the lease and performed all things which by the terms of the lease he was bound to perform, and before the expiration of the lease notified the defendant that he would purchase the land described in the lease in accordance with the privilege given to him therein, that the exact amount of land in the parcel was not known either to the plaintiff or the defendant, but before the expiration of the lease the plaintiff offered to the defendant the purchase price of the land at the rate of $50 per acre according to the best estimation of the quantity of land which he could make and further offered to make good to the defendant any deficiency in the purchase price at the rate aforesaid if upon a survey of the premises it appeared that he had not paid sufficient money, that the defendant refused to accept the tender and refused to convey the premises to the plaintiff or to give him a deed thereof, and that upon the expiration of the lease the defendant re-entered the premises and at the time of the filing of the bill still held possession of them, praying that the defendant might be ordered specifically to perform the agreement contained in the lease and that upon payment by the plaintiff to him of the amount due at the rate of $50 per acre the defendant might be ordered to execute and deliver to the plaintiff a good and sufficient deed of the premises.

The defendant demurred to the bill. In the Superior Court *Holmes*, J. overruled the demurrer, and the defendant appealed.

Thereupon the case proceeded to trial. It appeared, that the defendant leased to the plaintiff the real estate in Boxford on April 10, 1897, for the term of five years as alleged in the bill, and that in the lease was contained the following agreement: " And I, the said Henry M. Killam, agree to sell all of said land except the following described parcels to the said Cole for the sum of fifty dollars per acre at any time prior to the expiration of this lease."

The judge made the following memorandum of findings:

" I think the plaintiff is entitled to a decree that the defendant specifically perform his contract to convey the land. No question was made at the hearing before me but that the land which the defendant agreed in the lease to sell the plaintiff could be ascertained from its description in the lease, and the price of the land was to be $50 per acre, and that a survey was necessary to determine its area.

" The plaintiff before the lease expired notified the defendant that he would take the land and pay the price and I find that he was ready and able and offered to do so, and I find that the defendant did not intend to convey or keep his agreement. The plaintiff did ask the defendant to have a survey made which was necessary to determine how much should be paid, but the defendant did not put his refusal to convey on the ground that the survey was requested. It is true that at the trial he contended he was not required to make the survey and that the plaintiff by attaching that condition excused the defendant from conveying, but that was clearly an afterthought and not relied upon when the plaintiff offered to pay."

The judge ordered that, upon the quantity of land being ascertained, the plaintiff on paying the price should be entitled to a conveyance. The premises having been surveyed, it was agreed by the parties that the amount of land was six and six one hundredths acres. At the request of the defendant the judge reported the case for determination by the full court. If the order overruling the defendant's demurrer was right and the judge was warranted on the evidence in finding for the plaintiff, a decree was to be entered for the plaintiff with costs ; otherwise, the finding was to be set aside and such decree·was to be entered as law and justice might require.

*J. F. Batchelder*, for the defendant.

*W. S. Peters & H. J. Cole*, for the plaintiff.

HAMMOND, J. The defence is that the plaintiff made no tender of the purchase price. It is true that no formal tender was made, but it was unnecessary. In a case like this, where the stipulations are that the one shall pay the money and the other shall execute a conveyance, and there is no provision that either is to be done first, the covenants are mutual and depend-

ent.   The one is not bound to pay without receiving his deed, nor the other to part with his land without receiving his money. The performance must be simultaneous.   It is not necessary on the part of the purchaser to make a strict tender.  It is sufficient that when the time comes for the transaction he is able and prepared to pay, and demands the deed.   That is sufficient tender of performance.   *Irvin* v. *Gregory*, 13 Gray, 215.

The judge has found that before the expiration of the lease the plaintiff notified the defendant that "he would take the land and pay the price, and . . . was ready and able and offered to do so."   The plaintiff's evidence tended to show also that the defendant refused to give the deed, and the judge found that he "did not intend to convey or keep his agreement."   The evidence fully justifies these findings.

As to the contention of the defendant that the plaintiff asked him to have a survey made of the land, it is enough to say that the judge has found that such a survey was necessary to determine the price to be paid, and that the defendant did not put his refusal to convey on the ground that the survey was requested, nor did he rely upon it as a ground for refusal at the time the plaintiff offered to pay.   The evidence at the trial showed a case for the plaintiff.

The defendant demurred to the bill upon the ground that it did not appear therein "that the plaintiff ever tendered, before the expiration of the term of the lease, to the defendant, the purchase price."   For the reasons above given the demurrer was overruled rightly.

In accordance with the terms of the report there must be a

*Decree for the plaintiff.*