### GEORGE T. SLEEPER *vs.* JOSEPH NICHOLSON.

Suffolk. November 10, 11, 1908. — February 25, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Contract,* Performance and breach, Construction. *Waiver. Evidence,* Extrinsic affecting writings.

At the trial of an action for the breach of a contract in writing in which the defendant agreed to convey to the plaintiff certain real estate in exchange for a conveyance by the plaintiff to him of other real estate "free from all incumbrances" except a certain mortgage, the contract to "be performed by the parties concurrently" at a certain place, day and hour, it appeared that the plaintiff appeared at the time and place specified with a deed of the property running from him to the defendant containing a covenant warranting it to be free from all incumbrances except the mortgage named, but that the defendant did not appear at the time and place appointed and failed afterwards to offer any satisfactory explanation of his absence. It also appeared that taxes for the current year on the plaintiff's land had not been paid. *Held,* that the defendant's failure to appear at the time and place named for performance and his failure satisfactorily to explain his absence were equivalent to an unqualified refusal of performance and waived the objection of the tax incumbrance upon the plaintiff's premises.

The phrase "Rents and taxes assessed for the year 190–, shall be apportioned as of the day of the delivery of the deeds," occurring in a contract in writing for the exchange of real estate, is ambiguous, since it does not definitely appear therein what scheme of apportionment was intended by the parties, and therefore, at the trial of an action for a breach of the contract, evidence is admissible to show what such scheme was.

At the trial of an action for the breach of a contract in writing whereby the defendant agreed to convey to the plaintiff certain real estate and the personal property thereon "except the piano and certain pieces to be agreed upon," in exchange for the plaintiff's conveying to him other real estate and the personal property thereon except certain named furniture "and other pieces as agreed upon," there was testimony of the plaintiff tending to show that the defendant had pointed out to him on the premises certain articles of personal property

that he "didn't want to dispose of," and also testimony of another witness that the defendant had pointed out certain articles "which he reserved." *Held*, that there was evidence tending to show that the pieces, which according to the contract were "to be agreed upon," had been agreed upon, and that therefore the contract had become complete in all its particulars and capable of enforcement as a completed contract.

CONTRACT upon an agreement in writing for the exchange of real estate and personal property. Writ in the Superior Court for the county of Suffolk dated July 29, 1905.

The case was tried before *Sherman*, J. The evidence in regard to the " pieces to be agreed upon," mentioned in the opinion, was as follows: The plaintiff and one Merrill, a broker, both testified that the defendant went through his house with them and pointed out certain pieces of furniture. The plaintiff's testimony was: " There was an arm-chair in the parlor; he said he didn't want to part with that; there were two little stands . . . and there were also two other wooden chairs, rather a peculiar make — he said he didn't wish to dispose of those. Those were the only pieces of furniture. There were some vases and bric-a-brac, such as there are around the mantels, that he said he didn't want to dispose of." Merrill testified: " Mr. Nicholson said that everything in the house would go, with the exception of some bric-a-brac which he pointed out, his books which he reserved, and there was one chair in particular that was mentioned, that he should reserve"; that " if there were any little keepsakes, knick-knacks, bric-a-brac, or anything of that sort, which were his wife's personal effects, that she should have the privilege of retaining them."

Other facts are stated in the opinion. The jury found for the plaintiff; and the defendant alleged exceptions.

*S. H. Tyng*, for the defendant.

*G. V. Phipps*, for the plaintiff.

MORTON, J. This is an action to recover damages for the breach of a written agreement for the exchange of real estate and personal property of the defendant in Sanbornton, New Hampshire, together with " the household furniture now in said building, except the piano, and certain furniture now packed in a certain room, and other pieces as agreed upon," for real estate and personal property of the plaintiff, in Winthrop in this State. There was a verdict for the plaintiff, and the case is here on ex-

ceptions by the defendant to the refusal of the presiding judge to give certain rulings which were requested and to the admission of certain evidence.

The agreement provided amongst other things that the premises belonging to the plaintiff were to be conveyed " free from all incumbrances, excepting a mortgage of seven thousand five hundred dollars ($7,500)," and that all the personal property on the premises belonging to the defendant was to be included in the conveyance to be made by him " except the piano, and certain pieces to be agreed upon." The agreement also contained the following provisions, namely: " Rents and taxes assessed for the year 190 , shall be apportioned as of the day of the delivery of the deeds," and " This agreement shall be performed by the parties concurrently on Tuesday, July 25, 1905, at two o'clock P. M., at the office of B. B. Merrill, 415 Old South Building. Possession to be given in each case on Aug. 1st, 1905." The agreement recites that it was " made this nineteenth day of July A. D., 1905." There was evidence tending to show that the plaintiff was present at the time and place named for performance with a warranty deed ready for delivery running from himself to the defendant of the real estate in Winthrop free from all incumbrances except the mortgage of $7,500, and including all the personal property not excepted by the agreement, but that the defendant was not present and thereafter gave no reason for his absence. It appeared that taxes for the year 1905 to the amount of $208.25 were assessed upon the plaintiff's real estate and were not paid by the plaintiff till May 18, 1906. It also appeared, if material, that a bill for these taxes " was not rendered to the plaintiff until a month or two after July 25th, and such bills were not ordinarily made and sent earlier than August or September in the year of the assessment." The defendant asked the presiding judge to rule that by reason of the incumbrance thus existing the plaintiff was not entitled to recover. The judge refused so to rule and the defendant excepted.

There was evidence tending to show that the plaintiff tendered to the broker at the time and place of performance the amount necessary to pay the taxes. Whether the tender thus made to the broker was sufficient to entitle the plaintiff to performance we need not consider. The plaintiff was ready and willing to

perform and the neglect of the defendant to appear at the time and place appointed and his subsequent failure to offer any satisfactory explanation of his absence were equivalent to an absolute and unqualified refusal on his part to perform the agreement and constituted a waiver of any objection which he might have made that the premises were not free from incumbrances by reason of the lien to which they were subject for unpaid taxes. *Howand* v. *Leach,* 11 Pick. 151. *Tenney* v. *Ashley,* 15 Pick. 546, 552. *Carpenter* v. *Holcomb,* 105 Mass. 280. *Curtis* v. *Aspinwall,* 114 Mass. 187. *Wells* v. *Day,* 124 Mass. 38, 43. *Smith* v. *Greene,* 197 Mass. 16, 18.

After the ruling requested and refused as aforesaid the plaintiff was allowed against the objection and exception of the defendant to introduce testimony of conversations between the plaintiff and the defendant, and the broker and the defendant before the agreement was executed in regard to the payment and adjustment of the taxes on the premises that were to be exchanged. The plaintiff on cross-examination had previously been asked by the defendant whether he made any arrangements personally with the defendant as to the taxes, and the plaintiff had answered that he did, that it was talked over on the way down from New Hampshire, but that the arrangement then made was not incorporated in the agreement. It is plain we think that the taxes referred to in the agreement were the taxes of 1905 and that the blank in the date was intended to be filled accordingly. But it is not clear just what the adjustment was that was to be made in respect to the taxes. The more natural meaning perhaps of the language used is that each party was to pay the taxes to the day of the delivery of the deeds upon the premises conveyed by him and that that was what was meant when it was said that the taxes were to be apportioned. But it is possible that they might have had some other scheme of apportionment in view, and we think, therefore, that the evidence which was objected to was rightly admitted as tending to explain the ambiguity which existed. *Buffington* v. *McNally,* 192 Mass. 198. *Smith* v. *Vose & Sons Piano Co.* 194 Mass. 193. *Hebb* v. *Welsh,* 185 Mass. 335.

The evidence in regard to the "pieces to be agreed upon" was rightly admitted. It tended to show that the pieces were

agreed upon. It was competent for the parties to enter into the agreement which they did, and when the pieces were agreed upon · the contract became complete in all its particulars and was capable of enforcement as a completed contract. *Scammell* v. *China Ins. Co.* 164 Mass. 341. *Speirs* v. *Union Drop Forge Co.* 174 Mass. 175.

The ruling requested by the defendant at the close of the evidence that the action could not be maintained was rightly refused.

*Exceptions overruled.*