JOSEPH LEWENBERG & another *vs.* RICHARD JOHNSON & another.

Suffolk. March 30, 1916. — May 19, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & PIERCE, JJ.

*Contract,* Construction, Reformation. *Covenant,* Against incumbrances. *Equity Jurisdiction,* To reform instrument in writing, Specific performance. *Words,* "Incumbrance."

Where in a contract for the sale and purchase of a parcel of land the seller agreed to convey "a good title free from all incumbrances" and the contract contained the provision that, "If [the seller] shall be unable to give title or to make conveyance as above stipulated, any payments made under this agreement shall be refunded, and all other obligations of either party hereunto shall cease, but the acceptance of a deed and possession by [the buyer] shall be deemed to be a full performance and discharge hereof," and where the seller in good faith conveyed the land by a quitclaim deed which was accepted by the buyer, who, after he had taken possession under his deed and had made improvements, found that a natural watercourse ran across the rear of two of the lots embraced in the parcel and that certain rights in this watercourse were claimed by a town under a statute relating to surface drainage, the buyer cannot maintain a suit in equity to enforce the specific performance of the contract of purchase or to reform the deed by inserting in it a covenant against incumbrances, the defendant never having agreed to convey the land if it should be found to be subject to a permanent incumbrance, the stipulated sole remedy in that case being a rescission of the contract.

DE COURCY, J. The plaintiff Joseph Lewenberg (hereinafter called the plaintiff) and the defendants entered into a written

agreement dated April 3, 1914, for the purchase and sale of a parcel of land in Brookline.  It was provided therein that the premises should be conveyed "by a good and sufficient deed, conveying a good title free from all incumbrances, except the taxes for the current year."  On April 28, 1914, the defendants executed to the plaintiff Ruth Lewenberg a quitclaim deed of the premises, with the usual covenant against incumbrances made or suffered by the grantors, and with a limited warranty.  Shortly afterwards, the plaintiff gave certain mortgages on the real estate in question, and proceeded to erect a building on a portion of it.  In June or July, he discovered that a watercourse ran across the rear of two of the lots embraced in the parcel, and entirely across one of them.  According to the findings of the trial judge,* there was no intentional fraud or concealment on the part of the defendants in failing to inform the plaintiff of its existence; and the quitclaim deed given by them was what they intended to give.

The plaintiff seeks by this bill in equity to have the deed reformed so that it shall contain a covenant against incumbrances; or, with the same object in view, to have the written agreement specifically performed.  By the terms of the report, if on the facts found by the trial judge "the plaintiffs are entitled to relief under their bill of complaint, a decree is to be entered in their favor, either for the specific performance of the written agreement of April 3 or for such reformation of the deed of April 28 as will make it conform to said agreement; otherwise, the bill is to be dismissed."

The only claim of a defect in the title made by the plaintiff is predicated upon the watercourse.  We do not find it necessary to determine whether the existence of this natural watercourse, and the alleged rights therein of the town of Brookline under St. 1887, c. 99,† constitute an "incumbrance" within the meaning of the written agreement of April 3.  One of the provisions of that agreement was as follows: "If the parties of the first part shall be unable to give title or to make conveyance as above stipulated, any payments made under this agreement shall be refunded,

---

\* *Morton,* J.

† Entitled "An Act to authorize the town of Brookline to provide for surface drainage and to improve the brooks and natural streams within the limits of said town."

and all other obligations of either party hereunto shall cease, but the acceptance of a deed and possession by the party of the second part shall be deemed to be a full performance and discharge hereof." Even assuming that the watercourse creates an "incumbrance" within the meaning of the agreement, the plaintiff is not entitled to a deed containing a covenant against it. It was in existence when the agreement was executed, and could not be removed from the premises by the defendants. They did not bind themselves to convey the property if found to be subject to a permanent incumbrance, and thereby to expose themselves to litigation and liability. On the contrary, they contemplated the contingency of being "unable to give title or to make conveyance" and, in that event, stipulated that the parties should be put *in statu quo*, and the agreement terminated, and that all obligations of either party thereto should cease. It may be that the plaintiff, by taking possession under his deed and making improvements, practically is precluded from availing himself of this provision. But the defendants, who have acted in good faith, cannot for that reason be subjected to a liability against which they expressly guarded in the agreement freely made by the parties.

In accordance with the terms of the report, the entry must be

*Bill dismissed.*

*H. T. Richardson*, for the plaintiffs.
*B. A. Brickley*, for the defendants.