EDMOND J. LAFOND, JUNIOR, *vs.* THERESA M. FRAME.

Middlesex.   April 3, 1951. — May 8, 1951.

Present: QUA, C.J., LUMMUS, WILKINS, & SPALDING, JJ.

*Contract*, For sale of real estate, Performance and breach. *Equity Jurisdiction*, Specific performance.

Under a contract for sale of real estate providing that the seller should convey a good and clear title "free from all encumbrances" and that if she "shall be unable to give title or to make conveyance as above stipulated . . . all . . . obligations of either party hereunto shall cease," the purchaser in equity was entitled to a decree ordering specific performance by the seller by a conveyance of title "free from all encumbrances" upon payment of the purchase price where it appeared that at the time of the making of the contract the premises in question were subject to a mortgage given by the seller herself, that the mortgagee was willing to accept payment and to discharge the mortgage, that the seller did nothing to procure a discharge of the mortgage up to the time for passing papers and refused to convey, and that she did not intend to perform the contract and had not acted in good faith.

BILL IN EQUITY, filed in the Superior Court on August 2, 1950.

The suit was heard by *Kirk*, J.

*A. W. Wunderly*, for the defendant, submitted a brief.

*P. G. Counihan*, for the plaintiff.

WILKINS, J. This is a bill for specific performance of a contract to sell real estate in Arlington. The judge made findings and an order pursuant to which a final decree was

entered on November 20, 1950, ordering the defendant, upon the payment of $13,300, which is the balance of the purchase price, to convey the premises to the plaintiff "by good and sufficient deed, free from all encumbrances except taxes for the year 1950 which shall be apportioned as of the day of passing title . . . ." The defendant appealed, and, upon her motion subsequently filed and allowed, the evidence is reported. G. L. (Ter. Ed.) c. 214, § 24, as amended by St. 1947, c. 365, § 1. *Silke* v. *Silke*, 325 Mass. 487, 488–489.

The written contract of sale provided that papers should be passed at the registry of deeds on July 28, 1950; that the seller "by a good and sufficient" deed should convey "a good and clear title . . . free from all encumbrances"; and that rents, insurance premiums, water rates, and taxes "shall be apportioned as of the day of the delivery of the deed." Other provisions were: "If the party of the first part [the seller] shall be unable to give title or to make conveyance as above stipulated, any payments made under this agreement shall be refunded, and all other obligations of either party hereunto shall cease . . . ." "It is understood and agreed that if the purchaser is unable to obtain a G. I. loan for the full amount of the sales price, that his deposit will be refunded and this agreement will be cancelled."

Facts found by the judge or by ourselves are these. When the contract was signed, the premises were subject to a mortgage given by the defendant to a local bank to secure a note signed by her on which $2,475 principal and some interest were due but not payable. The bank was then, and is now, willing to accept full payment and to discharge the mortgage. On the date for performance there were unpaid taxes assessed for 1950, which the defendant subsequently paid. The plaintiff throughout has continued ready, able, and willing to pay the agreed price and to take title, and was at the registry of deeds for that purpose on July 28, 1950. Whether the defendant also went to the registry does not appear. She did, however, refuse to con-

vey, and attempted to return a $100 deposit to the plaintiff, who rejected it.

The judge found: "The defendant has done nothing to procure the discharge of the mortgage. She has not acted in good faith and does not intend to carry out the agreement." The judge ruled that the mortgage and the unpaid taxes constituted encumbrances which the defendant was under the obligation to discharge either before, or at the time of, passing papers.

The ruling as to the taxes is unimportant. While these did constitute an encumbrance (G. L. [Ter. Ed.] c. 60, § 37, as amended; *Cochran* v. *Guild*, 106 Mass. 29, 30; *Davis* v. *Bean*, 114 Mass. 358, 359), which it was the duty of the seller to remove (see *Sleeper* v. *Nicholson*, 201 Mass. 110, 112–113), we think, for present purposes, that the subject was adequately covered by the clause providing for apportionment.

The substantial question relates to the defendant's own mortgage given prior to the contract of sale but capable of being discharged at the time for performance. The issue is whether, under the terms of this particular contract, the existence of such an encumbrance, fully known to the seller when entering into the contract, is, in and of itself, enough to confer upon the seller an option not to perform merely because she chooses not to do so.

There have been a number of decisions of this court relating to the decisive clause, which provides for a return of any payments and the cessation of all other obligations if the seller "shall be unable to give title or to make conveyance as . . . stipulated." In *Old Colony Trust Co.* v. *Chauncey*, 214 Mass. 271, 273–274, where there existed a defect arising from the execution of a power under a will, it was said, "This clause means that if it turns out that without fault on the part of the defendants [sellers] subsequent to the execution of the contract they have a defective title, then, after refunding payments made, all obligations of both parties shall cease. The language . . . does not make the duties and responsibilities of either party in that event

depend upon the option of the other . . . . A land owner might be willing to sell only upon the assumption that his title was good, and prefer to keep it if any cloud upon it was disclosed, rather than to be at the expense of removing it, while a prospective purchaser might desire to agree to buy upon precisely these terms. If it had been the intention of the parties to make the obligation to convey or make good defects in title turn upon any other event than the quality of the owner's title, it would have been simple to express it. . . . The defendants did not by their contract agree to extinguish or purchase the interests of others in the land, but only to convey by their own deed provided they were able to pass good title thereby. It is of no consequence whether the price asked is reasonable or not. The complete answer is that the tenor of the contract does not require the extinguishment of outstanding defects." *Lewenberg* v. *Johnson,* 224 Mass. 297. *Buckley* v. *Meer,* 251 Mass. 23, 25–26. *Drapen* v. *Foley,* 258 Mass. 167, 169. *New York, New Haven & Hartford Railroad* v. *Butter,* 276 Mass. 236, 239–241. *Flier* v. *Rubin,* 321 Mass. 464, 466. *Lucier* v. *Williams,* 323 Mass. 458, 461–462. *Ross & Roberts, Inc.* v. *Simon,* 326 Mass. 12, 16. Of the cases cited above only two concern mortgages, and the facts in neither resemble those in the case at bar. In the *Butter* case the real trouble was the existence of an attachment on the date for performance. In the *Lucier* case the mortgage had not been placed by the seller. In the most recent case, *Prescott* v. *Germain,* 326 Mass. 432, in addition to a mortgage which had been placed by the seller, there was also a right of way.

The plaintiff's case depended upon proof that the defendant was able to give good and clear title, or that her inability to do so was the result of her own fault or collusion. *Drapen* v. *Foley,* 258 Mass. 167, 169–170. See *Buckley* v. *Meer,* 251 Mass. 23, 26; *J. J. Newberry Co.* v. *Shannon,* 268 Mass. 116, 118; *New York, New Haven & Hartford Railroad* v. *Butter,* 276 Mass. 236, 241. The clause is no protection to an owner who is not acting in good faith and does not intend to carry out the agreement. *Moskow* v.

*Burke*, 255 Mass. 563, 567–568. *Margolis* v. *Tarutz*, 265 Mass. 540, 543–544. In the *Moskow* case it could have been found that the seller intentionally set the foreclosure sale for a date subsequent to that for the sale to the buyer. In the *Margolis* case it was found that the seller intentionally failed to obtain her husband's signature to the deed.

The defendant argues that the finding that she has not acted in good faith and does not intend to carry out the agreement is plainly wrong. We do not agree. The existence of the mortgage was known to the seller who was herself the mortgagor. She made no attempt to show financial inability to discharge it or any changed circumstances arising after the execution of the contract of sale. In these circumstances the judge justifiably found that the defendant did not sell merely because she did not wish to do so.

As we are not necessarily confronted with the question whether the seller should be able to use the purchase money to discharge the mortgage, we refrain from making any statement whether *Greenberg* v. *Lannigan*, 263 Mass. 594, would be followed. Compare *Howland* v. *Leach*, 11 Pick. 151; *Smith* v. *Greene*, 197 Mass. 16, 18; Williston, Contracts (Rev. ed.) § 881. See *Dresel* v. *Jordan*, 104 Mass. 407, 415–416; *Cole* v. *Killam*, 187 Mass. 213, 215–216; *Staples* v. *Mullen*, 196 Mass. 132, 133. See also the original papers in *Chertok* v. *Kassabian*, 255 Mass. 265.

The decree must be modified to provide for the apportionment of the taxes for 1951 instead of those for 1950, and, as so modified, it is affirmed with costs.

*So ordered.*