TIMOTHY G. HALL & another *vs.* LAWRENCE J. SELIG & another. November 1, 1963. The defendants appeal from a final decree of the Superior Court ordering them to convey land in Waltham to the plaintiffs and also to pay them damages in the sum of $2,500. The parties had entered into a written purchase and sale agreement which provided for a refund of any payment and for all obligations of the parties to cease unless the defendants were able to give a good and clear title on or before August 18, 1961. Immediately following its execution the defendant Lawrence J. Selig informed the plaintiff Hall of an existing attachment on the land and stated he could effect its release. Thereafter, he endeavored to sell additional land to Hall for $10,000 saying that he would not go forward under the terms of the written agreement unless this second sale went through. On the day set for the passing of papers Selig refused to consummate the transaction but said he would do so if the plaintiffs would "come up with ten thousand dollars more." The defendants had made no effort to procure the release of the attachment. The judge found that the plaintiffs were willing to take the land subject to the attachment and that the party who had made it would have released it in order for them to acquire the land. He found the demand by Selig relative to the second parcel to be "in the nature of a holdup." This is not the case of an assumption by the landowner that he has a good title when he contracts to sell land nor one where a cloud on the title having been disclosed the landowner prefers to retain his land rather than incur the expense of removing the cloud. See *Old Colony Trust Co.* v. *Chauncey,* 214 Mass. 271, 273. *New York, N. H. & H. R.R.* v. *Butter,* 276 Mass. 236, 241. Here Selig employed the attachment, the easy dissolution of which was in his hands, as a lever to attempt to extract from the plaintiffs a sum much in excess of that agreed upon.

He was guilty of active bad faith and there is no error in the judge's order that the defendants convey the land to the plaintiffs. See *Lafond* v. *Frame,* 327 Mass. 364, 367. On May 1, 1961, relying upon their April 22, 1961, agreement with the defendants the plaintiffs signed an option contract with a third party wherein they agreed to pay $250 a month for the privilege of being able to buy for $45,000 a parcel of land contiguous to that to be conveyed by the defendants. Damages at $250 a month from August 18, 1961, are claimed. Since, however, the plaintiffs have the right of applying these monthly payments against the agreed purchase price of $45,000, it cannot be said that they have been damaged by virtue of making them. The final decree is to be modified by striking therefrom the award of damages. As thus modified, the decree is affirmed.

*John C. Collins* for the defendants.

*Marvin H. Siegel (Michael S. Avratin* with him) for the plaintiffs.