LEWIS G. KING *vs.* CLARISSA ALLEN. January 10, 1980. By his action filed on October 1, 1973, the plaintiff sought specific performance of a 1968 real estate agreement for the sale of land in Chilmark against the defendant, the successor in interest to the title of the original sellers of the property (Rex E. and Alice W. Weeks). In *King* v. *Allen*, 5 Mass. App. Ct. 868 (1977), we reversed a judgment denying the plaintiff specific performance and ordered that a "new judgment . . . [for specific performance] be entered in accordance with the [plaintiff's] motion therefor." *Id.* at 870. See also *Seward* v. *Weeks*, 360 Mass. 410 (1971) (determining that the plaintiff had properly exercised his option to purchase the property). A judgment was entered in the Superior Court on December 5, 1977, which ordered the defendant to quitclaim her interest in the property to the plaintiff in exchange for payment by means of cash and the delivery of a note and mortgage, all as called for by the agreement. Subsequent orders by three different judges of the Superior Court leading to a final judgment in effect dismissing the plaintiff's complaint are before us. We reverse and again hold that the plaintiff is entitled to specific performance.

1. Contrary to the defendant's argument, the first Superior Court judge had authority to grant relief from the judgment entered on December 5, 1977, by extending the time for performance to January 16, 1978. The motion seeking relief, although called a motion to amend the judgment, was not filed within the ten-day period specified in Mass.R.Civ.P. 59(e), 365 Mass. 828 (1974). It was susceptible to treatment as a motion for relief from the judgment under Mass.R.Civ.P. 60(b)(6), 365 Mass. 828-829 (1974), and appears to have been so treated by the judge. That judge did not abuse his discretion in allowing relief in

view of the fact that the defendant's counsel was unavailable to be heard on the matter of an extension until after the date set for performance by the judgment would have expired, and the fact that the plaintiff had diligently pursued his rights over a four-year period to obtain performance and was then prepared to perform but for newly discovered potential flaws in the title caused by the conduct of the defendant's representatives. That judge's grant of relief was not, as maintained by the defendant, an unauthorized modification of the appellate court's order in the rescript. Because the rescript did not direct the entry of a specific form of judgment but rather ordered the lower court to enter its own judgment in accordance with the plaintiff's motion therefor, the judge possessed authority under these circumstances to grant rule 60(b) relief without leave of the appellate court. See generally *Rollins Environmental Servs., Inc.* v. *Superior Court,* 368 Mass. 174, 179-180 (1975), and *Standard Oil Co.* v. *United States,* 429 U.S. 17 (1976). See also 11 Wright & Miller, Federal Practice and Procedure § 2873, at 269-270 (1973). The relief granted by the judge was soundly based on the then prevailing equities as brought to his attention by the plaintiff's affidavits and supporting materials, and the relief granted did not alter the substantive terms of the agreement. Although that judge's order contemplated future action by the judge who had entered the judgment after rescript, it was nonetheless effective to extend the performance date. The subsequent ruling by the second judge (and the order based on that ruling) that he lacked authority to grant relief from the judgment was as a consequence erroneous, as were the third judge's actions in denominating the original motion a rule 59(e) motion and ordering the entry of a judgment in effect dismissing the complaint.

2. Contrary to the defendant's assertion, the plaintiff's uncontradicted affidavit is sufficient to establish that on January 13, 1978, he had made a timely tender of performance so as to preserve his rights to obtain a conveyance. The defendant's counsel was seasonably notified of the time and place of closing. It was not necessary that the note and mortgage called for by the agreement be attached to the affidavit because its recitals that the plaintiff had in his possession at the registry of deeds for purpose of tendering to the defendant the requisite amount of cash and the note and mortgage all "as set forth in the judgment of the Superior Court" were sufficient, in view of the defendant's unjustified absence from the closing, to establish a proper tender or a waiver of any objection thereto which the defendant might have made. *Cole* v. *Killam,* 187 Mass. 213, 215-216 (1905). *Boston & Worcester St. Ry.* v. *Rose,* 194 Mass. 142, 149-150 (1907). *Sleeper* v. *Nicholson,* 201 Mass. 110, 112-113 (1909). *Rigs* v. *Sokol,* 318 Mass. 337, 344 (1945).

3. The defendant's probable inability to convey the quality of title called for by the terms of the agreement due to the failure of her mother as executrix of the Alice E. Weeks estate to file an inventory in the estate or

to take any action to settle potential liabilities of the estate for Federal and State taxes will not excuse her performance. See Park, Conveyancing § 703 (1968). See also *Warner* v. *Wilkey*, 2 Mass. App. Ct. 798 (1974) (effect of Federal estate tax lien on title's marketability). The options in such an event did not permit the defendant or her representative to declare the agreement at an end. Rather, the option to terminate or seek performance rested under clause 11 solely with the plaintiff, and by his motion for judgment and his tender he has exercised his rights under clause 12 to accept such title as the defendant can convey. Nor can the defendant rely on the provision of the agreement making "time of the essence" because as held in *King* v. *Allen, supra* at 869, any such reliance is foreclosed, either on a theory of waiver by conduct or one of estoppel.

4. The plaintiff has not adopted contradictory positions regarding the judgment after rescript. His efforts to obtain the needed extension to January 16, 1978, his reliance on that extension by making a timely tender thereunder, and his efforts to protect his rights under the modified judgment at subsequent hearings are all consistent with his insistence on the agreement's performance and did not constitute a waiver of his rights under the contract or the judgment.

5. The judgment entered on October 4, 1978, pursuant to the allowance of the defendant's motion to dismiss is reversed. The order entered on January 13, 1978, denying the plaintiff's second motion to amend the judgment is reversed. The order entered on January 3, 1978, extending the time for performance under the agreement is affirmed. Because the original judgment entered on December 5, 1977, provided for a conveyance by the defendant "within thirty days following the entry of judgment," it must be modified. The language just quoted is struck therefrom and in its place is inserted "within forty-five days of the date of the issuance of the rescript in this case." As thus modified that judgment is affirmed.

*So ordered.*

*Douglas G. Moxham* for the plaintiff.
*Richard K. Donahue* for the defendant.