REYNOLD B. NIPPE, executor, & another[1] vs. COMMISSIONER OF REVENUE.

Middlesex. March 5, 1980. — April 16, 1980.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Taxation*, Succession tax. *Pension*. *Judge*.

A pension payable to a judge's widow pursuant to G. L. c. 32, § 65C, was not subject to inheritance tax under c. 65, § 1, as amended by St. 1971, c. 555, §§ 51 and 52. [432-434]

CIVIL ACTION commenced in the Probate Court for the county of Middlesex on May 1, 1975.

The case was heard by *Dolan*, J.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Anne Josephson*, Assistant Attorney General, for the defendant.

*George E. Donovan* for the plaintiffs.

WILKINS, J. The plaintiffs are the executor of the will of the Honorable Edward McPartlin and Judge McPartlin's widow. They brought this proceeding under G. L. c. 65, § 27, seeking an abatement of an inheritance tax assessed by the defendant's predecessor on the value of the statutory (G. L. c. 32, § 65C) pension payable to the judge's widow.

Judge McPartlin served as an Associate Judge of the Land Court from March 20, 1952, until his retirement on January 4, 1973. At that time, the judge elected irrevocably to receive a lesser annual pension during his lifetime so that, pursuant to G. L. c. 32, § 65C, his wife, if she survived him, would receive two-thirds of that lesser annual pension for

---

[1] Kathryn C. McPartlin.

her lifetime. Judge McPartlin died on July 25, 1973. The Commissioner of Corporations and Taxation, the defendant's predecessor, determined that the value of Mrs. McPartlin's right to receive her pension was taxable under G. L. c. 65, § 1. The judge's executor paid the tax.

A judge of the Probate and Family Court Department ruled that the pension was not subject to inheritance tax under G. L. c. 65, § 1, as amended at the time of the judge's death. We transferred here, on our own motion, the Commissioner's appeal from a judgment abating the inheritance tax and ordering a refund of the tax paid, with interest. We affirm that judgment.

The circumstances of the statutory pension involved in this case are similar to those we considered in *Roberts* v. *Commissioner of Revenue, ante* 428, decided today. Here, unlike the case of Judge Roberts, the judge had retired at the time of his death and had exercised his irrevocable statutory option on his retirement to take a lesser pension so that a pension would be available to his wife, if she survived him. See G. L. c. 32, § 65C. In this respect, the case now before us is even more like *Cochrane* v. *Commissioner of Corps. & Taxation,* 350 Mass. 237 (1966), where a retired admiral had exercised a similar option after he had retired. Here, too, the trial judge was correct in determining that the statutory pension payable to the judge's widow was so like life insurance that, on the basis of the principles expressed in the *Cochrane* case, the value of the pension would not be subject to inheritance tax.

However, Judge McPartlin, unlike Judge Roberts, died after the effective date of St. 1971, c. 555, §§ 51 and 52, which amended G. L. c. 65, § 1, to make the proceeds of certain life insurance policies subject to inheritance tax. We must consider, therefore, whether the statutory pension is subject to an inheritance tax by reason of that 1971 amendment.[2] The amended statute provided that "proceeds of in-

---

[2] Because of the conclusion we reach on this question, we need not consider whether the statutory pension is nevertheless free from inheritance tax as "amounts attributable to employer contributions payable under a

surance receivable under policies on the life of the decedent shall be subject to the tax imposed by this chapter to the extent of . . . (2) the amounts receivable by all . . . beneficiaries [other than the representative of the estate of the decedent] under policies with respect to which the decedent possessed at his death any of the incidents of ownership, within the meaning of [§ 2042] of the Federal Internal Revenue Code, as amended and in effect at the date of death" of the decedent.[3]

We conclude that Judge McPartlin had no incidents of ownership within the meaning of I.R.C. § 2042 (26 U.S.C. § 2042 [1970]), and need not decide whether the fact that there was no insurance "policy" on the judge's life would be fatal to the Commissioner's argument in any event. Neither Judge McPartlin nor his estate had any incidents of ownership in the statutory pension payable to his wife. Once the irrevocable election was made, he had no control over the pension in any way. He could not change the beneficiary, surrender or cancel the pension, assign it, or borrow funds against it. There was no prospect that any of the funds payable under the pension would revert to his estate. The circumstances of the payment of the statutory pension were entirely beyond the judge's control. Thus at his death the judge retained no right to the economic benefits of the statutory widow's pension which could be considered an incident of ownership under I.R.C. § 2042. See Treas. Reg. § 20. 2042-1(c), T.D. 6296, 1958-2 C.B. 432. See generally 2 J. Mertens, Federal Gift and Estate Taxation, §§ 17.10-17.17 (1959 & Supp. 1974); 4 J. Rabkin & M. Johnson, Federal Income, Gift and Estate Taxation, § 61.05 (1963 & Supp. 1980). That Judge McPartlin joined and remained a member of the judiciary in reliance on the availability of a pen-

retirement plan which meets the requirements of [§§ 401 or 403] of the federal Internal Revenue Code." Such a provision was added to G. L. c. 65, § 1, by St. 1969, c. 675, § 1.

[3] The inheritance tax, as so amended, was replaced for persons dying after 1975, by the Massachusetts Estate Tax, G. L. c. 65C. See St. 1975, c. 684, §§ 74, 97.

sion benefit payable to his widow does not constitute an incident of ownership.

The value of the statutory pension was not subject to inheritance tax under the law applicable to this case.

The judgment is modified by striking out the figure $6,137.90 wherever it appears and substituting the figure $6,461.90, and as so modified the judgment is affirmed.

*So ordered.*