ALAN L. SACHS & another vs. IVA V. HIRSHOM.

Norfolk.   September 19, 1983. — October 5, 1983.

Present: BROWN, DREBEN, & KASS, JJ.

*Practice, Civil,* Summary judgment.   *Contract,* Sale of real estate, Performance and breach.

In an action for specific performance of an agreement to sell real property
   which provided in part that the obligations of the parties would cease
   if the seller was unable to convey title free from encumbrances, it was
   error to enter summary judgment for the buyer where the record dis-
   closed genuine issues of material fact with respect to whether the seller
   had acted in good faith in claiming that she had been unable to obtain
   a waiver on an inheritance tax lien on the property.   [705-708]

CIVIL ACTION commenced in the Superior Court Depart-
ment on March 29, 1979.

The case was heard by *Garrity,* J., on a motion for sum-
mary judgment.

*Jerry E. Benezra* for the defendant.

*Walter E. Palmer & John A. Dougherty,* for the plain-
tiffs, submitted a brief.

KASS, J.   There was absent from the purchase and sale
agreement any provision for an extension of time to enable
Hirshom, the seller, to cure title defects or calling upon the
seller to exert reasonable efforts so to do.   All that the agree-
ment provided was that should the seller "be unable . . . to
make conveyance [of a good and clear title, free from en-
cumbrances] . . . any payments made under this agreement
shall be refunded, and all other obligations of either party
. . . shall cease."   The seller said, in answers to interroga-
tories and in an affidavit in opposition to the buyer's motion
for summary judgment (seeking specific performance), that
she was unable to complete the filings required to obtain a

release from a Massachusetts inheritance tax lien.   See G. L. c. 65, §§ 6, 9 and 22.[1]  She declared that she could not convey good title and returned the buyers' deposit of $2,000.   A Superior Court judge allowed the buyers' motion for summary judgment and ordered specific performance by the seller.   On the basis of the patchy documents offered by the parties for and against summary judgment, material issues of fact were left so unresolved that it could not be said that the moving party was entitled to judgment as a matter of law.   Accordingly, it was error to enter summary judgment for the plaintiffs, and we reverse.   Mass.R.Civ.P. 56(c), 365 Mass. 824 (1974).   *Community Natl. Bank* v. *Dawes*, 369 Mass. 550, 553-554 (1976).   *Salem Bldg. Supply Co.* v. *J.B.L. Constr. Co.*, 10 Mass. App. Ct. 360 (1980).

The applicable law is settled.   A long line of authority culminating in *Sawl* v. *Kwiatkowski*, 349 Mass. 712 (1965), stands for the proposition that language substantially the same as that quoted above (from the primitive printed form which the parties employed in the instant case) does not require affirmative action by a seller to cure a title defect if the seller was not aware of the defect when the agreement was executed.   *Id.* at 714-716.   In *Sawl* v. *Kwiatkowski* (at 715-716), "[t]he vendor seems to have been subject to a duty to the Commonwealth to report the tenancy by the entirety and to pay the tax, with the consequent removal of the tax lien . . . .   The purchase agreement, however, imposed upon her no such duty to the [buyer]."   See *Old Colony Trust Co.* v. *Chauncey*, 214 Mass. 271, 272-274 (1913); *Drapen* v. *Foley*, 258 Mass. 167, 169-170 (1927); *Flier* v. *Rubin*, 321 Mass. 464, 466-467 (1947); *Trabucco* v. *Nelson*,

---

[1] The seller's husband died on July 12, 1974, at which time the Massachusetts tax on the devolution of property of decedents was styled an inheritance tax.   The inheritance tax was replaced by the Massachusetts estate tax as to persons who died on or after January 1, 1976.   See St. 1975, c. 684, §§ 74, 97; *Nippe* v. *Commissioner of Rev.*, 380 Mass. 431, 433 (1980).   See *Greenfield* v. *Commissioner of Rev.*, 13 Mass. App. Ct. 486 n.1 (1982).   The provisions relating to the Massachusetts estate tax appear in G. L. c. 65C.

8 Mass. App. Ct. 641, 645 (1979). Compare cases where the purchase contracts expressly or by implication required the seller to use reasonable efforts to remove a title defect, e.g., *Widebeck* v. *Sullivan*, 327 Mass. 429, 432-433 (1951); *Stabile* v. *McCarthy*, 336 Mass. 399, 402-406 (1957). Contrast *Lafond* v. *Frame*, 327 Mass. 364, 366-367 (1951), in which there was a finding of bad faith on the part of a seller who attempted to abort a conveyance through the expedient of refusing to secure the discharge of a mortgage when she was herself the mortgagor and, therefore, had placed the encumbrance on the property and had made no showing of any inability to discharge it. See also *Lucier* v. *Williams*, 323 Mass. 458, 462 (1948), and *Fisher* v. *Snierson*, 330 Mass. 48, 50 (1953), which give definition to what constitutes "fault" by a seller in the kind of case illustrated by the one before us.

In the light of the principles developed in the cases, the missing critical facts in the sworn pleadings and affidavits placed before the motion judge include at least the following:

(1) Did the buyers, or someone acting in their behalf, e.g., a lawyer, require the seller to produce a waiver of inheritance tax lien at closing? If a party acting for the buyers was insistent on having the seller deliver a waiver of inheritance tax lien at the passing, the seller, subject to exceptions discussed below, would not have been bound to procure it. If, however, the subject of a tax lien waiver had been introduced solely by the seller, it might have been viewed as the contrivance of a title "defect" in bad faith to avoid the transaction.

(2) Was any inheritance tax due? There are intimations in the record that the property in question was a single-family house and the seller's domicil. If so, no inheritance tax would have been due because of the provision in G. L. c. 65, § 1, as amended through St. 1961, c. 403, that as to "any beneficial interest arising or accruing by survivorship of a husband or wife in a tenancy by the entirety or joint tenancy in single family residential property occupied by

such husband and wife as a domicile, there shall be allowed an exemption of such property to the extent of its value."[2] We are of opinion that a seller's right to opt for inaction under the cases noted above does not go so far as to entitle the seller to refuse to deliver an affidavit which establishes exemption from State tax or to provide in a reasonable time such information as the Department of Revenue may require to establish that no tax is due, assuming that the buyer is willing to extend the time for delivery of the deed. It is one thing, as in *Sawl* v. *Kwiatkowski, supra,* to elect not to pay taxes due to remove a tax lien, and quite another obdurately to refuse information to the authorities or to the buyer which establishes that no tax is due.[3] The latter more resembles the wilful refusal in *LaFond* v. *Frame, supra,* to secure the discharge of a mortgage for the purpose of avoiding performance of a purchase and sale agreement. As we have observed, however, the record contains no more than intimations as to the tax status of the property. Summary judgment requires more of the moving party. Indeed, courts acting on summary judgment motions draw inferences in the light most favorable to the party opposing summary judgment. *Hardy* v. *Baran,* 11 Mass. App. Ct. 82, 84 (1980).

(3) Were the buyers willing to accept such titles as the seller could deliver, i.e., without an inheritance tax waiver? Did they communicate this to the seller? We do not suppose, even in the absence of language to that effect in the

---

[2] For a multiple family residential property so occupied, there was an exemption to the extent of $25,000. The operation of these provisions was made applicable by St. 1975, c. 684, §§ 74 and 97, to all estates of persons who died before January 1, 1976. Thereafter, G. L. c. 64C applies. See note 1, *supra.* No similar exemption for real estate in Massachusetts owned as tenants by the entirety appears in G. L. c. 65C. Under § 3 of that chapter, no estate tax is due if the decedent's gross estate is less than $60,000. A lien for the estate tax due is authorized under G. L. c. 65C, § 14.

[3] The Department of Revenue has a procedure for issuing a certificate stating that no estate tax is due under G. L. c. 65C. See generally Barrett & Bailey, Massachusetts Taxation §§ 1221.41 & 1221.42 (1983 Supp.).

agreement, that the seller can set up a title defect which the buyers are willing to overlook, without adjustment in the purchase price or other disadvantage to the seller, for the purpose of avoiding the seller's obligations to deliver a deed to the property. Cf. *Margolis* v. *Tarutz,* 265 Mass. 540, 543-544 (1929).

When material questions, such as these, are left unresolved, summary judgment is not a substitute for trial of the material facts. *Walgren* v. *Howes,* 482 F.2d 95, 98 (1st Cir. 1973). Smith & Zobel, Rules Practice § 56.8, at 360 (1977). 10 Wright & Miller, Federal Practice and Procedure § 2712, at 580-581 (1983).

*Judgment reversed.*