Fremont-smith, Thayer, J.
In this case, plaintiffs are the executors of the estate of the late Walter Z. Monkiewicz (“Walter”) who died in 2003. Walter had retained defendant Taylor of the firm of Adams & Blinn as his attorney in order to prepare his estate plan (‘Taylor defendants”). They created a life insurance trust (“the trust”) but allegedly neglected to transfer the ownership of a life insurance policy from Walter individually to the trust, with the effect that at Walter’s death, the policy was an asset of his estate for estate tax purposes resulting in an avoidable tax of $231,041.00. The Complaint alleges counts for negligence, breach of fiduciary obligations, misrepresentations and violation of c. 93A.
Defendants Taylor and Adams & Blinn have filed a third-party complaint against Daniel Gagnon who sold the life insurance policy to Walter and against Russell Wilde, the accountant who prepared the estate tax return which included the policy proceeds in the estate. The legal issue is whether Gagnon, who sold the policy to Walter, or Wilde, who prepared the estate tax return, violated any legal duty.

Gagnon

The undisputed facts set forth in Gagnon’s Memorandum in Support and the cases cited therein indicate that, in the circumstances of this case, Gagnon had no legal duty to Taylor. Gagnon knew that Walter was represented by counsel, and can hardly be deemed negligent by failing to give Walter unsolicited legal advice. Nor do the alleged facts provide any basis for a juiy to find that “special circumstances of assertion, representation and reliance” occurred which might provide a basis for liability, such as were present in McCue v. The Prudential Ins. Co. of America, 371 Mass. 659, 661 (1976) (there plaintiffs had a twenty-eight-year relationship with defendant, whose agent had assured them that he would procure the insurance coverage, but failed to do so); AGA Fishing Group Ltd. v. Brown & Brown, Inc., 533 F.3d 20, 23 (1st Cir. 2008) (no facts alleged on which “special relationship” could be found to hold the agent liable).
For these reasons and the other reasons stated in Gagnon’s Memorandum in Support and at the hearing, Gagnon’s motion for summary judgment is ALLOWED.

Wilde

Wilde is not alleged to have been involved in the failure to transfer the policy to the trust. Moreover, upon Walter’s death, he was legally obligated to include all of Walter’s assets in the estate tax filing. Nippe v. Comm’n of Revenue, 380 Mass. 431, 432-33 (1989); See also I.R.C. §2042 and its Regulations (setting forth the rules pertaining to the inclusion in a decedent’s gross estate of a policy which insures the decedent’s life); Annino, P., Massachusetts Practice Estate Planning, §22.10 (“Life insurance proceeds will also be included in the decedent’s gross estate, no matter who the proceeds are paid to, if the decedent owned the incidents of ownership in the policy at his death”). As noted above, Wilde is not an attorney, but was the accountant who prepared the estate tax return. While reformation of Walter’s state tax return after it was filed may have been possible,[1] Walter was represented by counsel and it was not Wilde’s duty, as an accountant, to effectuate this. For these and the other reasons stated in Wilde’s Memorandum in Support and at the hearing, summary judgment for the Third-Party defendant Wilde is ALLOWED.

Taylor and Adams & Blinn

The undisputed facts set forth in Taylor and Adams & Blinn’s Memorandum in Support indicate that Taylor attended a meeting, as Walter’s counsel, with the insurance agent, at which time he agreed that the transfer of Walter’s insurance policy to a trust was a sound idea. Taylor then drafted the trust instrument, in which he was made co-trustee. He assisted Walter in transferring another life insurance policy to the Trust. The Prudential policy at issue in this case was not transferred because he believed this had previously been done. On these undisputed facts, a juiy could reasonably conclude that the Taylor defendants were negligent.[2]
The Taylor defendants assert that plaintiffs allegations against Taylor amount to negligence at most, and therefore the c. 93A count should be dismissed because “a negligent act standing by itself does not give *22 rise to a claim under c. 93A.” Squeri v. McCarrick, 32 Mass.App.Ct. 203, 207 (1992). The Court agrees that no facts are alleged upon which a juiy could reasonably conclude that the Taylor defendants engaged in any unfair or deceptive acts. See Meyer v. Wagner, 429 Mass. 410, 424 (1999).
Accordingly, summary judgment as to plaintiffs c. 93A count is ALLOWED,[3] The Court agrees that the allegations of breach of fiduciary duty and breach of contract are duplicative of the legal malpractice (negligence) claims and should be dismissed. See Van Brode Group, Inc. v. Bowdich & Dewey, 36 Mass.App.Ct. 509, 516-17 n.10 (1994); see also Mallen & Smith, Legal Malpractice, §8.12 at 601-02 (4th ed. 1996).
ORDER
Accordingly, with respect to Monkiewicz’s Complaint, the Court ALLOWS summary judgment against the plaintiffs and in favor of David Taylor and Adams & Blinn on Count II (breach of fiduciary obligation), Count III (c. 93A), and DENIES summary judgment as to Count I (negligence).
As to the Third-Party Complaint, the Court ALLOWS summary judgment against the Third-Party plaintiffs Taylor and Adams & Blinn and in favor of Daniel Gagnon and Russell Wilde on all counts of that complaint. The Third-Party Complaint is hereby DISMISSED.

While Wilde did concede at his deposition that he might possibly have made a claim of “administrative error” to the IRS, which the IRS might then have accepted, his testimony as to what effect such a claim might have had on the IRS was mere speculation, so it could be given no consideration by a jury.

defendants contend that the beneficiaries of the trust, and not the beneficiaries of the estate, were injured by the failure to transfer the policy to the trust. If that is the case, the Court will entertain a motion by plaintiffs to add the trust beneficiaries as plaintiffs to the complaint.

It is therefore unnecessary to address the defendants’ additional objections, i.e., that the procedural requirements of c. 93A were not met and that the parties were not acting in a business context.