HAZEL HONER *vs.* SANDRA WISNIEWSKI.

No. 98-P-546.

Norfolk. June 8, 1999. - November 30, 1999.

Present: KASS, PORADA, & GELINAS, JJ.

*Rules of Civil Procedure. Practice, Civil,* Judgment, Relief from judgment, Statute of limitations.

A District Court judge erred in allowing a motion "for relief from judgment and for equitable relief," where the motion, properly treated as a motion under Mass.R.Civ.P. 60(b), was not filed within one year of the entry of judgment. [293-295]

CIVIL ACTION commenced in the Wrentham Division of the District Court Department on August 23, 1990.

The case was heard by *John F. St. Cyr,* J., and a motion for relief from judgment was heard by him.

*J. Michael Conley* for the plaintiff.

*Philip F. Filosa* for the defendant.

GELINAS, J. This appeal challenges a District Court judge's allowance of the defendant's motion, styled "motion for relief from judgment and for equitable relief." On appeal to the Appellate Division of the District Court (second appeal), the judge's order on the motion was affirmed.[1] As the motion was not timely filed, we reverse.

Hazel Honer and Sandra Wisniewski, mother and daughter, respectively, lived together in Wisniewski's house for about five years, from 1985 to 1990. During those years Honer periodically provided Wisniewski with funds. The money, determined at trial to be $31,500, was used by Wisniewski to make improvements to the home and for personal expenses. Honer had the

---

[1]The plaintiff had also appealed the judgment against her on the defendant's counterclaim (first appeal). The judgment was affirmed by the Appellate Division; that decision is not before us.

use of a small apartment on the property; she paid only for her utilities. The arrangement came to an end in July of 1990, when Wisniewski contracted to sell the property and told Honer that she would have to vacate the apartment. Apparently no other suitable living arrangement was suggested for Honer as she filed suit against Wisniewski the following month, claiming that the amounts she had paid were loans and not gifts. Wisniewski counterclaimed, seeking the rental value of the apartment, which the judge, at trial, determined also to be $31,500. In connection with the suit, Honer placed an attachment on Wisniewski's house.

In order that conveyance of Wisniewski's house might take place, Honer agreed to release the attachment if $10,000 were placed in escrow, securing any judgment that Honer might obtain. The money was placed with Honer's attorney.[2] No written conditions of the escrow appear on record. Honer's attorney had sole control of the funds.

In February of 1994, after trial, the judge entered two judgments, each in the amount of $31,500, with neither bearing prejudgment interest or costs. One judgment favored Honer on her claim and one judgment favored Wisniewski on her counterclaim; according to comments he made in later proceedings, the judge intended that "the judgments be a wash," and that executions obtained thereon "would not be worth ten cents." Various appeals, proceedings, and maneuvers by Honer's counsel followed.

After entry of the judgments, Honer claimed a timely report to the Appellate Division of the District Court (first appeal), of Wisniewski's judgment against her, seeking redress of certain claimed errors at trial not relevant here. Wisniewski did not appeal Honer's judgment.

While Honer's first appeal was pending in the Appellate Division, each party filed a motion for entry of separate and final judgment; Wisniewski further moved for release of the escrow funds. After hearing, before the decision of the Appellate Division was filed, the judge denied Wisniewski's motions, as the judgment in her favor was under appeal, but allowed Honer's motion, ordering the entry of a separate and final judgment for Honer against Wisniewski. The judge provided in his order that no execution was to be issued thereon "until counterclaims

---

[2]Now deceased.

[are] heard," ostensibly delaying execution until Honer's appeal of the Wisniewski judgment was resolved.

The Appellate Division affirmed Wisniewski's judgment; the decision and order were entered in the District Court on February 2, 1995. At that point, Wisniewski's attorney called Honer's attorney to inquire what the next step might be. Honer's attorney indicated that he planned a further appeal of the Wisniewski judgment. Instead, shortly after this conversation, he sought and obtained an execution on Honer's judgment against Wisniewski. Within the week he returned the execution to court marked, "satisfied in part in the amount of $11,201,"[3] having levied on the escrow that he alone held. Part of the funds were paid to Honer; a larger part he paid to himself in satisfaction of his charges to Honer for legal services in the case. Approximately two weeks later, upon learning of the levy, Wisniewski filed a motion for release of the escrow funds; the judge denied the motion. Wisniewski's attorney never sought an execution on the judgment against Honer and never appealed the judgment or any of the orders entered against her.

The motion for relief from judgment and for equitable relief, filed twenty-nine months after the original entry of judgments and some eighteen months after entry of the Appellate Division's affirmance of Wisniewski's judgment against Honer, made the following "Demands: A. That the Court order Defense [*sic*] Counsel . . . pay to Plaintiff's [*sic*] Counsel the sum of $11,120 plus interest within 30 days[4]; and B. That the Court mark both executions 'Satisfied in Full' or, in the alternative; C. That the Court amend the Judgment to reflect zero damages to either party by right of set-off." The judge, who was the trial judge, endorsed the motion, "Motion Allowed as to Demands A & B — $11,120 to be returned to Defendant and both Executions to be marked 'Satisfied in Full.' "

Wisniewski's motion claims redress solely because Honer's attorney (1) misrepresented to her attorney the next course that he would pursue in the litigation, and (2) then wrongfully obtained a writ of execution and wrongfully levied on Wisniewski's funds which he held in escrow.

The motion was, by its preamble, filed "pursuant to [Mass.

---

[3]The additional $1,201 resulted from interest paid on the original $10,000.

[4]The motion erroneously reverses the order of the parties; defense counsel was seeking an order against plaintiff's counsel.

R.Civ.P.] 60 and 69, [365 Mass. 828, 836 (1974)]."[5] As no subsection of rule 60 was specified, we examine the motion and the underlying claims made therein to determine if there is any section of the rule which might provide relief. No claim appears pursuant to rule 60(a) (clerical mistake), and we confine our analysis to the possibility of relief afforded by rule 60(b).

Failure to classify the appropriate section of rule 60(b) in a motion for relief of judgment is not fatal. Courts may determine whether and under what section relief might be granted; the label attached to the motion is not dispositive. See *King* v. *Allen*, 9 Mass. App. Ct. 821 (1980) (motion brought under Mass.R.Civ.P. 59[e], 365 Mass. 828 [1974], susceptible of treatment as a motion for relief from judgment under rule 60[b][6]); *Bowers* v. *Board of Appeals of Marshfield*, 16 Mass. App. Ct. 29, 33 (1983) (moving party's failure to classify motion as rule 60[b][6] motion not dispositive; relief appropriate under that section); *Freitas* v. *Freitas*, 26 Mass. App. Ct. 196, 199 (1988) (motion filed under Mass.R.Dom.Rel.P. 60(b) inappropriate, but relief granted deemed appropriate on other grounds).

Statements concerning Honer's intent to appeal and then obtaining an execution and levying thereon (Wisniewski's sole claim in her motion for relief from judgment, and not denied by Honer's attorney at any of the hearings) might be found to constitute the "fraud . . . , misrepresentation, or other misconduct of an adverse party" contemplated by rule 60(b)(3). Relief is available for a party suffering this type of behavior, but the relief must be sought within one year of the entry of judgment. *Tibbitts* v. *Wisniewski*, 27 Mass. App. Ct. 729, 731 (1989).[6] That time period had long elapsed, especially as the action might be seen as seeking relief from Honer's judgment against Wisniewski, entered some twenty-nine months prior to the motion.

Addressing the second part of Wisniewski's claim for relief, that execution had issued and levy made, there was nothing

---

[5]Deciding as we do that the motion was not timely filed and that its allowance, therefore, was an abuse of discretion, we do not reach the issue whether the relief granted by the District Court judge was correct in light of rule 69, which provides that collection of money judgments be by execution "unless the court otherwise directs," and Mass.R.Civ.P. 71, 365 Mass. 837 (1974), argued in Wisniewski's brief, which permits orders in enforcement of judgments to be directed to nonparties.

[6]No relation to the defendant in this case.

procedurally wrong in Honer's obtaining execution and levying on the escrow. All legal conditions, even that established by the judge, requiring that "no execution [be issued] until counterclaims heard," had been met (the Appellate Division had decided Honer's appeal), and there were no other controls on the escrow itself. Wisniewski's claim of error here can only relate to the statement by Honer's attorney that he would further appeal the judgment for Wisniewski, lulling Wisniewski's attorney into inaction and inattention. That claim as well fails, based as it is on the same claim of misconduct and governed by the same one-year limitation.

Although not argued, a review of the record suggests a possible case for relief because of "mistake, inadvertence, surprise or excusable neglect" under rule 60(b)(1), as Wisniewski's attorney failed to pursue both execution and appeal. That avenue of relief is also closed, as relief under rule 60(b)(1) also must be sought within one year. *Tibbitts* v. *Wisniewski*, 27 Mass. App. Ct. at 731.

Wisniewski argues that we should affirm the judge's order as granting relief under rule 60(b)(6) ("any other reason justifying relief") in order to accomplish justice. See *Parrell* v. *Keenan*, 389 Mass. 809, 815 (1983). Relief under this section must be justified for reasons other than those set forth in rule 60(b)(1) through (5). *Murphy* v. *Administrator of the Div. of Personnel Admn.*, 377 Mass. 217, 228 (1979). *Chavoor* v. *Lewis*, 383 Mass. 801, 805-806 (1981). *Bird* v. *Ross*, 393 Mass. 789, 791 (1985). *Bromfield* v. *Commonwealth*, 400 Mass. 254, 256 (1987). *Tibbitts* v. *Wisniewski*, 27 Mass. App. Ct. at 731, and cases cited therein. Rule 60(b)(6) cannot be used to extend the one-year limitation applicable to rule 60(b)(1) or (b)(3). *Tibbitts* v. *Wisniewski*, 27 Mass. App. Ct. at 731.

As the case stands, Honer remains with a judgment that has been partially satisfied and with an execution that was returned reflecting that fact. Her remaining judgment amount we calculate to be $20,299. Wisniewski has a judgment for $31,500 on which execution has never issued.[7] Exercising our powers

[7]General Laws c. 235, § 17, provides: "An original execution shall not issue after the expiration of one year after the party is first entitled to take it out; and an alias or other successive execution shall not issue after the expiration of five years from the return day of that which preceded it. Subject to section twenty of chapter two hundred and sixty, alias or successive execu-

under G. L. c. 231, § 125,[8] we order that upon application of either party within thirty days of the rescript, the clerk of the District Court shall issue an execution in the amount of the applicant's remaining judgment plus postjudgment interest, computed to the date of the entry of the rescript.

The order allowing the motion and the decision of the Appellate Division (second appeal) are vacated, and a new order is to enter as set forth above.

*So ordered.*

---

tions shall be of full force and effect for five years from the date thereof unless satisfied in whole or discharged by law. All executions shall be returned to the court issuing them within ten days after their satisfaction or discharge. If any execution is returned for any reason to the court issuing the same unsatisfied in whole or in part, the court may, subject to the provisions of this section, order the issue of a new execution for the amount then remaining due."

"If an execution having been satisfied in full or discharged by law is not returned within ten days thereafter with an endorsement showing such satisfaction or discharge or is returned without such endorsement the court issuing it may upon motion of the judgment debtor or any person in his behalf order it to be returned or the proper endorsement made thereon, as the case may be. The court may order the return of an execution and the endorsement of any partial satisfaction thereon. The fact of a return of an execution and its satisfaction shall be entered upon the records of the court."

[8]General Laws c. 231, § 125, provides in pertinent part, "the [A]ppeals [C]ourt . . . shall have power . . . to make any order that ought to have been made upon the whole case."