Sabra, J.
This case stems from a suit filed by Robert E. McIntyre, M.D. (hereinafter “Plaintiff’), against a law firm, Cooley, Shrair P.C. (hereinafter “Defendant”) to collect an expert witness fee for testimony provided in another action. On or about September 4, 1996, counsel for the Plaintiff advised the court that the parties had agreed to submit their dispute to “binding arbitration.” The court, on September 5, 1996, entered a 30-day order of dismissal indicating on the docket that the case had been “reported settled.” In fact, the case was not arbitrated and on June 15,1999, the Plaintiff filed a Motion to Vacate Dismissal and Restore the case to the Civil Docket which was allowed. The Defendant now appeals the allowance of the motion. For the reasons which follow, we dismiss the appeal and remand the case to the trial court for further proceedings.
Ordinarily, the allowance of a motion to vacate dismissal and to restore the case to the civil docket would simply put the case back to a trial posture and would not be considered a final judgment on the merits for the purposes of appeal. Pollock v. Kelly, 372 Mass. 469, 476, 362 N.E.2d 525 (1977). However, where there is a challenge to the court’s power to vacate the judgment of dismissal in light of the express time limitations imposed by Mass. R. Civ. P., Rule 60 (b) (l)-(3), the issue is “treated as an appealable final order” despite the interlocutory nature of the ruling. Chavoor v. Lewis, 383 Mass. 801, 804 (1981) quoting Stradley v. Cortez, 518 F.2d 488, 491 (2d Cir. 1963). In this situation, review is limited and “we may entertain an appeal to the extent necessary to determine whether the judge had the power to grant the motion. If the judge had such power, the interlocutory appeal must be dismissed without inquiry on [this court’s] part into the merits of the judge’s decision to grant the motion.” Chavoor, supra at 805.
The essence of the Defendant’s argument in this case is that the District Court judge lacked the power to grant a motion to vacate judgment under Mass. R. Civ. P., Rule 60 (b), because the basis for the motion was subject to a one year time limit which had expired. The issue is thus presented whether the Plaintiffs motion to vacate, brought some thirty-two months after the dismissal, is subject to the one year limitation of Rule 60(b)(1), (2) or (3), or is permissibly based on Rule 60(b)(6) which permits relief “within a reasonable time.” The Defendant in this appeal attempts to characterize the bases for the plaintiffs motion to vacate dis *133 missal as falling within reasons (1) or (3), which would render the motion untimely and negate the judge’s power to grant it.
Specifically, the Defendant argues that its alleged “misconduct, including dilatory tactics, bad faith negotiations and a refusal to honor its agreement to arbitrate,” [Defendant/Appellant’s brief at p. 13] falls within the ambit of Rule 60 (b) (3), which is subject to the one-year limitation. In addition, the appellant contends that the lack of continuity of Plaintiffs legal representation and the inability to obtain a certain transcript in a timely fashion should be viewed as grounds for granting relief from judgments under Rule 60(b) (1) (as a result of mistake, inadvertence, surprise, or excusable neglect), which is also subject to the one year limit. The Defendant correctly states that “relief under Rule 60(b) (6) is limited to instances when the vacating of judgment is justified by some reason other than those stated in subdivisions (1) through (5)." Parrell v. Keenan, 389 Mass. 809, 814 (1983) quoting Chavoor v. Lewis, 383 Mass. 801, 806 (1981).
When considering a motion under rule 60(b)(6), the court may consider whether the moving party has a meritorious claim or defense, whether extraordinary circumstances warrant relief, Murphy v. Administrator of the Div. of Personnel Admin., 377 Mass. 217, 228 n.13 (1979), and whether substantial rights of the parties will be affected by granting the motion. United States v. Cato Bros., 273 F.2d 153, 157 (4th Cir. 1959). See Parrell v. Keenan, 389 Mass. 809, 815 (1983). The moving party must demonstrate a reason to justify relief which is not within the grounds of rule 60(b)(l)-(5). Overall, rule 60(b)(6) empowers the court to “accomplish justice” where appropriate. Klapprott v. United States, 335 U.S. 601, 615 (1949).
While the Defendant’s refusal to carry out its agreement to arbitrate may be characterized as a form of misconduct, it is distinguishable from the type of “fraud, misrepresentation and misconduct” referred to by rule 60(b) (3). That rule authorizes relief from a judgment procured by “misrepresentation or other misconduct of an adverse party.” See also 8 MASS. PRACTICE, SMITH AND ZOBEL, p. 481. There is nothing in this record which suggests that the judgment was obtained by the defendant due to misconduct. On the contrary, to the extent that there was any “misconduct,” it occurred well after the judgment entered.
We find that this situation is more analogous to cases where one party reneged on an agreement for judgment. Aro Corp. v. Allied Witan Co., 531 F.2d 1368 (6th Cir. 1976) (where parties settled the action and allowed judgment to enter by consent, rule 60(b) (6) applied to allow relief from judgment where one party reneged on the agreement). See also Harman v. Pauley, 678 F.2d 479 (4th Cir. 1982) (where settlement agreement has been reached and then one party repudiates the agreement, court in its discretion may vacate prior dismissal or aggrieved party may bring suit to enforce the agreement). In this case, the parties agreed to submit their dispute to binding arbitration and so informed the court which entered its standard “30-day” order of dismissal. The long process then began of setting up the arbitration with which, ultimately, the defendant refused to cooperate. We see little or no distinction between this situation, where a dismissal entered, and cases where a consent decree was entered with specific terms on which one litigant later reneged. Aro Corp. v. Allied Witan Co., supra.
Nor do we think this situation falls within the purview of rule 60(b) (1) due to “mistake, inadvertence, surprise, or excusable neglect.” While the lapse in time from judgment to the motion for relief because of the unavailability of counsel and a certain transcript may have some elements of neglect, the over-riding circumstance was the Defendant’s refusal to arbitrate. Further, the manner of dealing between the parties’ counsel suggests a mutual acquiescence to the lengthy time span which culminated in the Defendant’s outright refusal to arbitrate and from which the defendant should not now benefit. This brand of dishonorable conduct *134 'is sufficient to justify relief under the “other reasons” of rule 60(b) (6).
This case is distinguishable from the case cited by the defendant, Honer v. Wisniewski, 48 Mass. App. Ct. 291; 720 N.E.2d 38 (1999). There, the basis of the motion was misrepresentation by opposing counsel and misconduct in wrongfully obtaining a writ of execution and levying on funds held in escrow. Judgments had entered in that case after a trial on the merits involving both the plaintiffs claim and the defendant’s counterclaim. The plaintiff appealed the judgment against her on the counterclaim and that judgment was affirmed by the Appellate Division. The defendant never appealed the judgment against her and never sought execution on the judgment she had against the plaintiff. The plaintiff, on the other hand, sought and obtained an execution on her judgment and levied on the escrow held by plaintiffs attorney. In Honer, the nature of the alleged “misconduct” involved statements made by the plaintiffs attorney that he would further appeal the defendant’s judgment, thus allegedly “lulling Wisniewski's attorney into inaction and inattention.” Honer, supra at 295. This presented the court with a straightforward claim of misconduct under rule 60(b) (3) which should have been filed within one year. As discussed above, we view the instant case in a different light and not one of “misconduct” within the meaning of 60(b)(3). In addition, the failure of Wis-niewski’s attorney to pursue both execution and appeal clearly falls within the reasons under rule 60(b) (1), which was also subject to the one year limitation.
Deciding as we do, under our limited review, that the trial judge had the power to allow the motion, the appeal is dismissed and the case is remanded to the trial court for further proceedings.
So ordered.