Coven, J.
This is a Dist/Mun. Cts. RAD.A, Rule 8C, appeal by the defendant of the partial denial by the Framingham District Court of his motion to recover $1,606.95 of his bank fimds obtained by the plaintiff through trustee process in an action on a judgment which was vacated.
In February, 1997, the plaintiff condominium trust (the “Trust”) commenced a G.L.c. 183A, §6 action in the Dorchester District Court against defendant Ronald J. Cronin and a co-defendant to recover unpaid condominium assessments in the amount of $8,926.00. The defendant was never served with process. The Trust obtained a default for the defendant’s failure to answer the complaint in March, 1997. In February, 1998, damages were assessed in the amount of $13,884.89, plus attorney’s fees, interest and costs. In October, 1998, the trust obtained an execution in the amount of $24,052.17 upon a Mass. R Civ. R, Rule 54, judgment against the defendant
On December 23,1998, the Trust filed an action on the Dorchester judgment in the Framingham District Court On the same date, the Trust proceeded ex parte to obtain a real estate attachment on the defendants residence in Sandwich, Massachusetts in the amount of $25,032.86, as well as a trustee process attachment on the defendants Fleet Bank account in the amount of $1,606.95. Aware at that point of an action against him, the defendant filed a motion in the Dorchester District Court to vacate the default and default judgment The Dorchester Court denied the motion, and the defendant appealed to this Appellate Division. On May 9,2000, this Division ruled that the Dorchester default judgment was void and ordered such judgment vacated. Dombrowski v. Chute, 2000 Mass. App. Div. 127. The opinion noted by way of dicta that although the matter was not before the Division, the Framingham action on the judgment should be dismissed on any motion to do so, as the judgment on which the action was based was vacated.
Relying on this Division’s opinion, the defendant pro se filed an “Emergency Verified Motion to Dismiss” in the Framingham District Court which requested *195 dissolution of the real estate attachment and the return of his funds. The motion judge dissolved the attachment, but denied the defendanf s request to recover the $1,606.95 in question.
1. The defendant’s “Emergency Verified Motion to Dismiss” sought dismissal of the Trust’s Framingham action and ex parte attachments “due to the judgment and default judgment they were based on being ordered void by the Appellate Division on May 5, 2000 as per M.R.C.P. 60(b) (4).” We note at the outset that the defendants failure to seek relief from judgment as opposed to dismissal[2] would not have justified the denial of his motion. It is elementary that motions are decided on the basis of their substance and not their caption. See generally Spring v. Geriatric Auth. of Holyoke, 394 Mass. 274, 290 (1985); Commonwealth v. Christian, 46 Mass. App. Ct. 477, 481 (1999). Nor was the defendant’s failure to invoke the appropriate subsection of Mass. R. Civ. P., Rule 60(b), fatal to his request for relief from the Framingham judgment Honerv. Wisniewski, 48 Mass. App. Ct. 291, 294 (1999). “Courts may determine whether and under what section relief might be granted; the label attached to the motion is not dispositive.” Id. and cases cited.[3]
The defendants motion, to which was appended this Division’s order vacating the void Dorchester judgment upon which all proceedings in Framingham were subsequently based, was clearly a motion pursuant to Rule 60(b) (5). Rule 60(b) (5) affords relief from judgment “if the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application.” See Ross v. Ross, 385 Mass. 30 (1982) (Rule 60(b) (5) relief from divorce judgment granted when prior judgment on which divorce was based had been reversed). See also Baybank v. Sullivan, 1998 Mass. App. Div. 112, 113. Given the procedural circumstances of this case, the defendant was entitled to Rule 60(b) (5) relief.
2. While the Framingham court allowed the defendants motion and dissolved the real estate attachment, it denied the defendant’s request for a return of the $1,606.95 in bank funds obtained by the Trust through trustee process in the Framingham action which, it must again be noted, was based solely on the vacated Dorchester judgment The denial constituted an abuse of the court’s discretion.
Generally, “a person who has conferred a benefit upon another in compliance with a judgment... is entitled to restitution if the judgment is reversed or set aside, unless restitution would be inequitable....” RESTATEMENT OF RESTITUTION §74 (1937).[4] Courts have the inherent authority to order restitution. The power
*196 is inherent in every court of justice, so long as it retains control of the subject matter and of the parties to correct that which has been wrongfully done by virtue of its process.... What has been given or paid under the compulsion of a judgment the court will restore when its judgment has been set aside and justice requires restitution [citations omitted].
United States v. Morgan, 307 U.S. 183, 197 (1939). See also Baltimore & O.R. Co. v. United States, 279 U.S. 781, 786 (1929) (“The right to recover what one has lost by the enforcement of a judgment subsequently reversed is well established.... [And courts have power] to enforce restitution... to correct what has been wrongfully done.”). In the instant case, the Trust acquired the defendant’s funds through trustee process proceedings based on a void, and now vacated, judgment. It apparently seeks to retain the defendant’s funds as a form of partial satisfaction of its claim against the defendant which, despite the Trust’s ineffectual maneuvering in multiple courts, has yet to be adjudicated on the merits in the Trusts favor. The defendants request for the return of his funds should have been allowed.
3. Accordingly, this matter is returned to the Framingham Division for the entry of an order vacating the judgment against the defendant and for the return by the Trust to the defendant of all funds paid as a result of the trustee process. The defendant is to have the costs of this appeal, which are to be assessed against the Trust by the trial court clerk pursuant to Dist/Mun. Cts. RiD.A., Rule 26.
So ordered.

 At the time of our earlier decision, neither party had informed this Division that a judgment had been entered in the Framingham action, the trustee had been charged, execution had issued and the funds paid to the Trust Hence the opinion dicta referenced a motion to dismiss, and the defendant followed that dicta in filing a dismissal motion. As discussed infra, however, the caption of the motion is not critical.

 “King v. Allen, 9 Mass. App. Ct. 821 (1980) (motion brought under Mass. R. Civ. P. 59 (e)... susceptible of treatment as a motion for relief from judgment under rule 60(b) (6)); Bowers v. Board of Appeals of Marshfield, 16 Mass. App. Ct. 29, 33 (1983) (moving party’s failure to classify motion as rule 60(b) (6) motion not dis-positive; relief appropriate under that section); Freitas v. Freitas, 26 Mass. App. Ct. 196, 199 (1988) (motion filed under Mass. R. Dom. Rel. P. 60(b) inappropriate, but relief granted deemed appropriate on other grounds).” Id.

 See also 49 C.J.S. §358 (1997) (“Where a final judgment is absolutely vacated, after it has been paid, or satisfied by execution or by possession of the property in controversy, the party benefitting by it should be ordered to make restitution.”).