HENRY F. OWENS, THIRD *vs.* ILUNGA J. MUKENDI & another.[1]

No. 04-P-666.

Suffolk. April 12, 2005. - October 21, 2005.

Present: KANTROWITZ, DOERFER, & COHEN, JJ.

Further appellate review granted, 446 Mass. 1101 (2006).

*Practice, Civil,* Relief from judgment, Default. *Judgment,* Default, Relief from judgment. *Rules of Civil Procedure.*

Where a motion for relief from judgment, brought by the defendant in a civil case on the ground that he relied on advice he had received from the plaintiff (an attorney representing the defendant in unrelated matters) not to answer the complaint or mount any defense, clearly sought relief for "misconduct of an adverse party" as provided under Mass.R.Civ.P. 60(b)(3), the defendant was required to bring his motion within the rule's one-year time limit [823-825], and the defendant's failure to do so, or to support his claim that the time limit was tolled by the plaintiff's alleged misconduct, required that his motion be denied [825-827]; moreover, the defendant could not avail himself of any further basis under rule 60(b) to avoid the one-year time limit [827-828].

CIVIL ACTION commenced in the Superior Court Department on November 21, 1997.

A motion for relief from judgment, filed on October 4, 2001, was heard by *Janet L. Sanders,* J.

*John J. Barter* for the plaintiff.

*Neal A. Rosen* for the defendant.

DOERFER, J. After a default judgment entered in July of 1998, the defendant filed a motion to vacate judgment under Mass.R. Civ.P. 60(b), 365 Mass. 828 (1974), in October, 2001, which was allowed.[2] We reverse on the grounds that the filing of the motion was not timely.

---

[1]Boston Federal Savings Bank, trustee process defendant.

[2]Subsequently, the defendant prevailed on a motion for summary judgment. The appeal from that ruling raises questions about the existence of disputed issues of material fact, which we need not resolve.

*Procedural facts.* The complaint in this matter was filed on November 21, 1997. The plaintiff alleged, in general terms, that he had lent various large sums of money to the defendant over time, which the defendant had failed to repay. The defendant was duly served and failed to file an answer or otherwise plead. As a result, the court issued an order defaulting the defendant on April 15, 1998. The plaintiff's request to assess damages was heard on July 15, 1998. An attorney filed an appearance on behalf of the defendant and a motion to continue the hearing on assessment of damages, stating that he had not had adequate time to review the claims and investigate the matter to determine the full extent of the defendant's defenses. That motion was denied after a hearing and the hearing on assessment of damages proceeded. As a result, damages were assessed and a final default judgment was entered on July 17, 1998, against the defendant in the amount of $494,050.65 with interest.[3] No appeal was taken from any action of the trial court.

On November 25, 1998, the plaintiff's motion to charge a trustee process defendant was allowed. The plaintiff obtained an execution on January 6, 1999. On February 19, 1999, the plaintiff sent the defendant a letter telling him he planned to vigorously pursue collection of the judgment. The defendant had become embroiled in an unrelated domestic relations matter and filed financial statements in the Probate and Family Court that reflected the debt represented by the default judgment.[4]

On February 28, 2001, the plaintiff instituted supplementary process proceedings in the Brookline Division of the District Court Department to collect on the default judgment. The court ordered the defendant to pay certain amounts in the course of that proceeding, totaling approximately $32,000.[5]

On October 4, 2001, the defendant's attorney filed a "Motion to Remove Judgment and/or Request for Independent Action." There was some skirmishing over the right to file additional

---

[3]The defendant disputes now that the attorney was authorized to represent him and further claims that the plaintiff talked him out of contesting the assessment of damages.

[4]These statements were dated December 20, 1999; October 6, 2000; and April 3, 2001.

[5]The defendant made payments (both voluntary and court ordered) totaling approximately $52,000 since the date of the default judgment.

papers in support of and in opposition to the motion during October, 2001. Eventually the defendant obtained the services of a new law firm and succeeded in filing additional papers in support of his motion to vacate judgment. A judge of the Superior Court allowed the defendant's motion to vacate on February 26, 2002.

*Other facts and contentions.* The defendant, a physician, first met the plaintiff, an attorney, in 1987. The defendant retained the plaintiff for an unrelated legal matter involving a landlord-tenant dispute. The plaintiff soon learned about the defendant's diamond mining business (business) in the Democratic Republic of Congo. On January 23, 1989, the plaintiff lent the defendant $7,000 for housing expenses. The plaintiff began to send the defendant large amounts of money for purposes related to the business. The first large payment occurred on February 28, 1989, when the plaintiff wired the defendant $125,000. One month later, on March 22, 1989, the parties signed a contract drafted by the plaintiff, interpretation of which is at the heart of the appeal relating to the entry of summary judgment.[6] Throughout 1989, the plaintiff continued to send money to the defendant and pay for his travel expenses.[7] In November, 1989, the plaintiff and the defendant had a meeting during which, according to the plaintiff, the defendant said he would pay the plaintiff $500,000. The defendant allegedly continued to make promises to pay the plaintiff until December, 1996, but the promises did not materialize into payment.[8] Although the defendant failed to pay the plaintiff, the plaintiff assisted the defendant on other unrelated legal matters.[9] In the meantime, the plaintiff wrote the defendant three letters, dated August 2,

___

[6]Whether money given to the defendant was an investment or a loan requiring repayment, and whether the defendant was personally liable, is at the heart of the underlying dispute.

[7]The checks were made out to the defendant and wire transfers were sent directly to a bank account in the name of the defendant, not the business.

[8]The defendant gave the plaintiff a check, dated July 25, 1996, for $30,000, which was returned for insufficient funds. The record appendix also includes a copy of two blank checks signed by the defendant, apparently given to the plaintiff as a sign of intent for eventual payment, but the defendant made excuses why the plaintiff should not fill them in and cash them.

[9]In June, 1993, the plaintiff helped with a contract/tuition dispute relating to the school of the defendant's son. On January 3, 1995, the plaintiff helped

1990; March 11, 1994; and January 4, 1997, registering his disappointment at the defendant's failure to pay him and his plans to take appropriate legal action if payment was not forthcoming. On November 21, 1997, the plaintiff filed a verified complaint in the underlying action.

*Discussion.* In order to justify relief under Mass.R.Civ.P. 60(b), the party seeking relief must show not only that relief is justified under the rule but also that relief was sought in a timely way. See *Parrell* v. *Keenan*, 389 Mass. 809, 815 (1983). The time within which relief must be sought depends in turn on the grounds upon which relief is justified.[10] Thus, if relief is sought for reasons falling under Mass.R.Civ.P. 60(b)(1)-(3) it must be sought within one year. See Mass.R.Civ.P. 60(b) ("The motion shall be made within a reasonable time, and for reasons [1], [2], and [3] not more than one year after the judgment, order or proceeding was entered or taken"). If relief is sought under Mass.R.Civ.P. 60(b)(6), it must be sought within a "reasonable time." *Struett* v. *Arlington Trust Co.*, 23 Mass. App. Ct. 152, 155-156 (1986). See *Marderosian* v. *Shamshak*, 170 F.R.D. 335, 338-339 (D. Mass. 1997) (reasonable time under rule 60[b][6] may be more or less than one-year period established for filing under rule 60[b][1]-[3]).[11] However, there is one other principle at work. If the claim falls within rule 60(b)(1)-(5), it cannot also be characterized as "any other reason justifying relief" under rule 60(b)(6) in order to extend the time from one year to a "reasonable time." *Chavoor* v. *Lewis*, 383 Mass. 801, 805-806 (1981). Rule 60(b)(6) cannot be used as a false cover in order to avoid the one-year time limitation appli-

obtain the defendant's green card from the lawyer for the defendant's ex-wife.

[10]Rule 60(b) states: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . . (6) any other reason justifying relief from the operation of the judgment."

[11]Massachusetts courts construe the Massachusetts Rules of Civil Procedure similarly to the parallel Federal Rules of Civil Procedure, "absent compelling reasons to the contrary or significant differences in content." *Parrell* v. *Keenan*, 389 Mass. at 815 n.8, quoting from *Rollins Envtl. Servs., Inc.* v. *Superior Ct.*, 368 Mass. 174, 179-180 (1975).

cable to the reasons stated in rule 60(b)(1)-(3). See *Parrell* v. *Keenan*, 389 Mass. at 815 n.7 ("[t]he reason for relief set forth in Rule 60[b][1] cannot be the basis for relief under Rule 60[b][6]"); *Tibbitts* v. *Wisniewski*, 27 Mass. App. Ct. 729, 734 (1989) ("time limits on a [b][1] or [b][3] motion may not be extended by the expedient of bringing it under [b][6]").

Thus, we must analyze the grounds upon which relief from judgment is sought in this case. If those grounds fall within Mass.R.Civ.P. 60(b)(1)-(3), the relevant time period is one year. If the grounds are alleged to be under Mass.R.Civ.P. 60(b)(6), the relevant time is a "reasonable time," but grounds that fall under rule 60(b)(1)-(3) cannot be characterized as falling under rule 60(b)(6) in order to extend the relevant time from one year to a "reasonable time." *Parrell* v. *Keenan*, 389 Mass. at 814-815. Furthermore, the court will analyze the facts to determine whether the claim for relief is based on rule 60(b)(1)-(3) and will not be bound by the characterization of the claim by the moving party. *Honer* v. *Wisniewski*, 48 Mass. App. Ct. 291, 294 (1999) ("[c]ourts may determine whether and under what section relief might be granted; the label attached to the motion is not dispositive").

In the present case, the gravamen of the defendant's claim to be entitled to relief from the default judgment is that the plaintiff lulled him into not defending the claim. He relies more particularly on the fact that he was in an attorney-client relationship with the plaintiff and consequently relied on advice he received from the plaintiff not to answer the complaint or mount any defense.[12] This is clearly an allegation of "misconduct of an adverse party," which brings this case squarely under rule 60(b)(3).[13] See *Tibbitts* v. *Wisniewski*, 27 Mass. App. Ct. at 731;

---

[12]The plaintiff agrees that he performed some legal services for the defendant in some personal matters and wrote a letter in which he held himself out as a representative of the business. The plaintiff does not agree that there was a continuing attorney-client relationship between them or that he lulled the defendant into not contesting the debt.

[13]Even if the defendant's conduct could be characterized as excusable neglect under rule 60(b)(1), see, e.g., *Berube* v. *McKesson Wine & Spirits Co.*, 7 Mass. App. Ct. 426, 428 n.7, 432 (1979) (discussing what neglectful conduct of an attorney will be excusable and setting forth factors to consider under rule 60[b][1] motions); *Honer* v. *Wisniewski*, 48 Mass. App. Ct. at 295 (observing that attorney's failure to pursue appeal, allegedly due to reliance on state-

*Honer* v. *Wisniewski*, 48 Mass. App. Ct. at 294. Thus, Mass.R. Civ.P. 60(b)(6) does not apply and the one-year time limit operates.[14] Unless some other principle intervenes, the defendant's failure to bring his motion within one year of the entry of the default judgment requires that the motion be denied. Cf. *Roberts* v. *Worcester Redev. Authy.*, 53 Mass. App. Ct. 454, 462 n.10 (2001), quoting from *Peak* v. *Massachusetts Bay Transit Authy.*, 20 Mass. App. Ct. 726, 729 (1985) (rule 60[b][1] motion brought within one year of judgment after rescript, which resulted in an affirmance without change, was not timely because "date of judgment is the date judgment originally entered in the trial court").

*Excuse for not acting within one year of default judgment.* A strict reading of Mass.R.Civ.P. 60(b)(3) would require the defendant's motion to be denied as not brought within one year of the default judgment. See *Struett* v. *Arlington Trust Co.*, 23 Mass. App. Ct. at 155-156. Yet, the essence of the misconduct alleged was the misuse of the plaintiff's position as attorney for the defendant, albeit in other unrelated matters, which not only induced the defendant not to answer the complaint but also induced the defendant to abandon, at least initially, his request to remove the default or to provide a defense to the amount of damages that should be assessed.

There is nothing in the evidence to suggest that he was lulled into inaction by the plaintiff's conduct past February, 1999, when the plaintiff sent a strongly worded letter asserting his intention to collect on the default judgment. The defendant's

---

ments made by opposing counsel, might have qualified for rule 60[b][1] relief if the one-year time limit had not passed), the one-year time limit would still apply.

[14]*Marderosian* v. *Shamshak*, 170 F.R.D. 335 (D.Mass. 1997), cited by the defendant in support of his argument that a conflict of interest creates the extraordinary circumstances required to grant relief under rule 60(b)(6), is inapposite. There, the defendant police chief was represented at a jury trial of a wrongful discharge claim by the same attorney who represented the town, a codefendant. *Id.* at 337. The attorney failed to bring out at trial that he had advised the chief that the discharge of the plaintiff was appropriate, which testimony could have exonerated the chief but not the town. *Id.* at 338. The "wrongdoing" was not, thus, that of an adverse party but of defendant's own counsel in the lawsuit in question, who was also counsel for a potentially adverse party. Rule 60(b)(3) would not apply and rule 60(b)(6) was the appropriate vehicle.

own financial statements filed thereafter in the domestic relations case clearly acknowledge his understanding of the debt, its magnitude, and its reality. Cf. *Roberts* v. *Worcester Redev. Authy.*, 53 Mass. App. Ct. at 461 (record demonstrates that relevant facts and law "were known or knowable" by the parties). February, 1999, is far more than one year prior to October 4, 2001, when the defendant filed his motion under Mass.R.Civ.P. 60(b).[15] Thus any tolling argument that might find life under analogous legal doctrines[16] would not yield relief for the defendant on these facts.

"A motion under Rule 60 is addressed to the trial judge's judicial discretion, and is generally not reviewable except for a clear abuse of discretion." Reporters' Notes to Mass.R.Civ.P. 60, Mass. Ann. Laws Court Rules, Rules of Civil Procedure, at 1071 (LexisNexis 2004). See *Parrell* v. *Keenan*, 389 Mass. at 815; *Tai* v. *Boston*, 45 Mass. App. Ct. 220, 224 (1998). A judge does not have discretion to extend the strict time limits prescribed by the rule. See *Chavoor* v. *Lewis*, 383 Mass. at 803 (the "one-year time limit cannot be extended"). Thus, the usual discretion afforded to a judge's assessment of the merits of a

[15]Even a "reasonable time" analysis should not extend the time to act past one year from the time that the defendant was no longer in the plaintiff's grip.

[16]See, e.g., *Hendrickson* v. *Sears*, 365 Mass. 83, 91 (1974) ("[a] client's cause of action against an attorney for negligent [title certification] does not 'accrue' . . . until the misrepresentation is discovered or should reasonably have been discovered, whichever first occurs"); *Pentucket Manor Chronic Hosp., Inc.* v. *Rate Setting Commn.*, 394 Mass. 233, 234-237 (1985) (treating motion to vacate as a motion under Mass.R.Civ.P. 59[e], 365 Mass. 827 [1974], which would toll the time for appeal, and not as a rule 60[b] motion, which would not toll appeal period); *Bowen* v. *Eli Lilly & Co.*, 408 Mass. 204, 208 (1990), quoting from *Malapanis* v. *Shirazi*, 21 Mass. App. Ct. 378, 382-383 (1986) ("the three-year limitations period commences to run when a reasonably prudent person . . . , reacting to any suspicious circumstances of which he might have been aware . . . , should have discovered that he had been harmed by [opposing party's] treatment"); *Locator Servs. Group, Ltd.* v. *Treasurer & Receiver Gen.*, 443 Mass. 837, 861 (2005) ("general rule that statutes of limitations run from the date the cause of action accrues"); *Clough* v. *Brown*, 59 Mass. App. Ct. 405, 407 (2003) ("discovery rule operates to toll a limitations period until a prospective plaintiff learns or should have learned that he has been injured by the defendant's conduct"); *Doe* v. *Harbor Schs., Inc.*, 63 Mass. App. Ct. 337, 343 (2005), quoting from *Doe* v. *Creighton*, 439 Mass. 281, 283 (2003) (the discovery rule provides that "the limitation period starts when 'the connection between the defendant's actions and the plaintiff's alleged injury becomes either known or knowable' ").

claim to be relieved from judgment does not operate where the issue is, as here, one of law, i.e., the consideration of what time limits govern the filing of a motion under rule 60(b)(1)-(3). See *id.* at 805.

*Other arguments.* The defendant proposes that we review this matter on the footing of an "independent action."[17,18] While abolishing many forms of action previously used to vacate a judgment, rule 60(b) permits the court to hear an independent action based upon its inherent equity power. Although rule 60(b) specifies no time limitation for relief, presumably the concept of reasonableness applies. See Reporters' Notes to Mass.R.Civ.P. 60, Mass. Ann. Laws Court Rules, Rules of Civil Procedure, at 1074; *Sahin* v. *Sahin*, 435 Mass. 396, 400-401 (2001). Similar to a rule 60(b)(6) motion, an independent action may not be used to avoid the strict one-year time limit applied to claims that actually fall within reasons stated in rule 60(b)(1)-(3). See *id.* at 401. We see no basis for an independent action in the allegations brought forth in this case.

Similar to independent actions, rule 60(b) also permits, without time limits, an action alleging fraud on the court. *Winthrop Corp.* v. *Lowenthal*, 29 Mass. App. Ct. 180, 183 (1990).

---

[17]Rule 60(b) provides, "This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court. Writs of review, of error, of audita querela, and petitions to vacate judgment are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action."

[18]Only "unusual and exceptional circumstances" warrant relief from judgment based upon an independent action. Alperin & Shubow, Summary of Basic Law § 3.245, at 360 (3d ed. 1996). The requirements for an independent action are as follows: (1) the judgment in equity and good conscience ought not to be enforced; (2) the defendant has a meritorious defense; (3) the presence of fraud, accident, or mistake that prevented the defendant from obtaining the benefit of his defense; (4) the absence of the defendant's fault or negligence; and (5) the absence of any adequate remedy at law. Smith & Zobel, Rules Practice § 60.16, at 487-488 (1977). Alperin & Shubow, Summary of Basic Law § 3.245, at 360. Where fraud provides the basis for an independent action, the movant is required to show more than common-law fraud. *Sahin* v. *Sahin*, 435 Mass. 396, 401-402, 404-405 (2001) (alleged newly-discovered "fraud in misrepresenting and failing to disclose significant financial information . . . during the divorce proceedings . . . did not justify granting . . . equitable relief").

The allegations relating to the plaintiff's actions in this case do not sink to the level required to find fraud on the court.[19]

*Conclusion.* For the foregoing reasons, the order allowing the defendant's motion to vacate judgment is reversed and the original judgment for the plaintiff is reinstated.

*So ordered.*

---

[19]"A 'fraud on the court' occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense. The doctrine embraces only that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication. A party seeking to demonstrate fraud on the court must prove the most egregious conduct involving a corruption of the judicial process itself. Examples are bribery of judges, employment of counsel to 'influence' the court, bribery of the jury, and the involvement of an attorney (an officer of the court) in the perpetration of fraud. Conduct such as nondisclosure to the adverse party or the court of facts pertinent to the matter before it, without more, does not constitute fraud on the court for purposes of setting aside a judgment under rule 60(b)." *Sahin* v. *Sahin,* 435 Mass. at 405-406 (quotations and citations omitted). See *Winthrop Corp.* v. *Lowenthal,* 29 Mass. App. Ct. at 184-185.