NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1045

MARIANNE STEARNS

vs.

MATTHEW MONTEIRO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury-waived trial in the Superior Court, the plaintiff prevailed on her claims that the defendant, her nephew, used undue influence to induce her to sign over real property to him and that he held the property in a constructive trust for her benefit. The judgment (1) voided a 2015 deed by which the real property was transferred and (2) reinstated the 2008 deed by which the plaintiff and the defendant took the property as joint tenants, but it made no mention of a constructive trust. The plaintiff moved under Mass. R. Civ. P. 60 (a), 365 Mass. 828 (1974), to amend the judgment to include the constructive trust. The motion judge, who was also the trial judge, denied the motion without explanation on August 8, 2022, and the plaintiff appealed.

After hearing oral argument, this panel, while retaining jurisdiction, remanded the case and directed two questions to the judge. The judge's order in response acknowledged that the judgment should have imposed a constructive trust in favor of the plaintiff on the defendant's ownership of the property.

Accordingly, we conclude that omission from the judgment of the imposition of a constructive trust was either a mistake or a clerical error, see Mass. R. Civ. P. 60,[1] and the motion to amend should have been allowed. See Atlanticare Med. Ctr. v. Division of Med. Assistance, 485 Mass. 233, 247 (2020), citing Murphy v. Administrator of the Div. of Personnel Admin., 377 Mass. 217, 277 (1979). We therefore reverse the order denying the motion to amend judgment dated August 8, 2022; vacate the judgment dated February 9, 2022; and remand the case for entry of the following amended judgment:

It is ORDERED and ADJUDGED:

After a jury-waived trial that took place between January 22, 2022, and January 27, 2022:

---

[1] We need not decide whether the motion should properly have been brought under Mass. R. Civ. P. 60 (a), as it was, or Mass. R. Civ. P. 60 (b), as the plaintiff maintained (in the alternative) on appeal. "Courts may determine whether and under what section relief might be granted; the label attached to the motion is not dispositive." Honer v. Wisniewski, 48 Mass. App. Ct. 291, 294 (1999), and cases cited.

1. The December 2015 deed of 252 Elm Street in East Bridgewater, recorded on December 16, 2015, in the Plymouth County registry of deeds at book 463390, page 320 (December 2015 deed), is null and void and is rescinded;

2. The September 12, 2008 deed of 252 Elm Street in East Bridgewater recorded on September 17, 2008, in the Plymouth County registry of deeds at book 36363, page 4 (September 2008 deed), is reinstated;

3. Matthew Monteiro holds his interest in the property located at 252 Elm Street, as reflected in the September 2008 deed, in a constructive trust for the benefit of Marianne Stearns; and

4. A copy of this amended judgment shall be recorded in the Plymouth County registry of deeds and shall be indexed to the September 2008 deed and the December 2015 deed.

<u>So ordered</u>.

By the Court (Rubin, Singh & Hershfang, JJ.[2]),

*Joseph F. Stanton*

Clerk

Entered:  December 12, 2023.

---

[2] The panelists are listed in order of seniority.

3